BRANCH BANKING & TRUST COMPANY, ADMINISTRATOR OF THE ESTATE OF ROBERT ALKIE WILLIAMS, DECEASED v. WILSON COUNTY BOARD OF EDUCATION.

(Filed 14 January, 1960.)

**1. State § 3c—**

Formal pleadings are not required in a proceeding under the State Tort Claims Act but it is required only, insofar as the statement of the basis of the claim is concerned, that an affidavit in duplicate stating the facts and circumstances surrounding the injury and giving rise to the claim be filed.

**2. Same—**

Ordinarily, a proceeding under the State Tort Claims Act should not be dismissed as upon demurrer upon the facts stated in the affidavit and the stipulation of the parties unless such facts disclose that recovery can not be had regardless of the evidence, as on the ground of governmental immunity or on the ground that such facts failed to present a claim cognizable under the Act.

**3. State § 3b—**

Liability under the State Tort Claims Act arises if the negligence

of a State employee is a proximate cause or one of the proximate causes of injury, and it is not required that the negligence of the State employee be the sole proximate cause thereof.

**4. Same—**

A county board of education or a city board of education is liable for injuries resulting from either negligence of commission or negligence of omission on the part of a driver of one of its school buses. G.S. 143-300.1.

APPEAL by plaintiff from *Frizzelle, J.,* June Civil Term, 1959, of WILSON.

This is a procedeeding brought pursuant to the provisions of the North Carolina Tort Claims Act for the wrongful death of Robert Alkie Williams, a nine year-old school boy. The Branch Banking and Trust Company, administrator of the estate of the aforesaid child, instituted this proceeding before the North Carolina Industrial Commission by filing a verified claim for damages against the Wilson County Board of Education. In addition to the claimant's name and address, the claim contains the following:

"3. That it hereby files a claim against Wilson County Board of Education, Wilson, N. C. for damages resulting from the negligence of Paul Douglas Lamm.

"4. That it has been damaged in the amount of $20,000 by reason of the negligent conduct of the employee or agent named above.

"5. That the injury giving rise to this claim occurred in front of A. B. Williams' home on U. S. 301, four miles south of Wilson, N. C. in Wilson County on April 30, 1957, at 3:15 p.m.

"6. That the injury occurred in the following manner: On April 30, 1957, Paul Douglas Lamm was operating a Wilson County school bus in a northerly direction along U. S. Highway 301 in the course of his employment as a bus driver by the Wilson County Board of Education. Robert Alkie Williams was a passenger on the bus. Paul Douglas Lamm stopped the bus and permitted Robert Alkie Williams to alight and start to cross the highway to his home situated on the westerly side of the highway. An automobile operated by one Geraldine Buzby passed the school bus and struck the Williams child as he crossed the highway inflicting injuries resulting in death. The negligent acts of Paul Douglas Lamm proximately causing the death of Robert Alkie Williams were as follows:

"a. He failed to supervise the activity of Robert Alkie Williams when discharging him from the school bus until he was safely across the highway or otherwise out of danger as required by G.S. 115-185 and the Rules, Regulations and Laws Governing Public School Trans-

portation in Wilson County issued by the Wilson County Board of Education.

"b. He failed to direct the monitor on his school bus to assist Robert Alkie Williams off the bus and to escort him across the highway in safety as required by G.S. 115-185 and the Rules, Regulations and Laws Governing Public School Transportation in Wilson County.

"c. He failed to keep a proper lookout for approaching cars.

"d. He permitted Robert Alkie Williams to alight from the bus when he knew or should have known an automobile operated by one Geraldine Buzby was approaching and might pass the bus and strike Robert Alkie Williams as he crossed the road.

"e. He failed to give adequate and timely warning to Robert Alkie Williams of the approaching Buzby automobile.

"f. He blew his horn in such a manner as to startle and confuse Robert Alkie Williams at a time just before the said Robert Alkie Williams was struck when he was immediately in front of the bus and in the act of crossing the highway.

"g. He discharged Robert Alkie Williams from his bus upon a heavily traveled highway without taking any precautions to enable the child to cross the highway in safety.

"7. That the damages claimed above consists of damages from wrongful death of Robert Alkie Williams proximately caused by negligence of Paul Douglas Lamm."

The defendant filed an answer or response to said claim in which it denied any act or acts of negligence on the part of its employee, and further pleaded the actionable negligence of Geraldine Buzby as the sole proximate cause of the accident and the resulting death of Robert Alkie Williams.

The defendant further pleaded that even if the defendant employee was negligent in any manner so as to render the defendant liable under the Tort Claims Act of the State of North Carolina, which is denied, then and in that event the negligence of Geraldine Buzby intervened and insulated any act of negligence on the part of the defendant employee and became the sole proximate cause of the death of Robert Alkie Williams.

When this cause came on for hearing before the hearing commissioner, attorneys for the respective parties entered into the following stipulations:

"1. That the Branch Banking & Trust Company is the duly qualified and acting administrator of the estate of Robert Alkie Williams, deceased, who died intestate a resident of Wilson County on April 30, 1957.

"2. That the death of Robert Alkie Williams resulted from injuries received on April 30, 1957, when he was struck by an automobile driven by one Geraldine Buzby.

"3. That Paul Douglas Lamm was on April 30, 1957, at the time of the accident which resulted in the death of Robert Alkie Williams, an employee of the Wilson County Board of Education and, as such employee, he was operating a Wilson County school bus and was in the course and scope of his employment at the time said accident occurred.

"4. That the subject claim for damages was filed May 21, 1958.

"5. That certain rules have been adopted by the Wilson County Board of Education and were in effect at the time of the death of Robert Alkie Williams; that a certain printed pamphlet entitled 'Rules, Regulations and Laws Governing Public School Transportation in Wilson County, issued by the Wilson County Board of Education, 1955,' contains the rules and regulations duly adopted by the Wilson County Board of Education for the operation of school buses, and the said rules were in effect at the time of this accident.

"6. That the death of Robert Alkie Williams resulted from the injuries that he received on April 30, 1957, when he was struck by an automobile driven by one Geraldine Buzby, proceeding in the same direction, who was then in the act of passing a Wilson County School bus that had stopped on U. S. Highway 301 and which was then exhibiting or had showing a mechanical 'Stop' sign extending from the side of the bus.

"7. That a copy of an alleged agreement between Geraldine Buzby and the Branch Banking & Trust Company, as administrator of the estate of Robert Alkie Williams, is a true copy of the contract between the parties named therein and that it was duly executed by those whose names appear on the document; that, should it be found to be admissible in evidence, which admissibility is not admitted by plaintiff, no objection will be raised by plaintiff on the grounds that it is a copy and not the original document. (This document was identified by being marked as 'Defendant's Exhibit 1.')

"8. That on the afternoon of April 30, 1957, the school bus was being operated, as aforesaid, over and along U. S. Highway 301, proceeding in a northerly direction; that U. S. Highway 301 at the place of the happening of the accident which caused the death of Robert Alkie Williams is a two-lane highway approximately 24 feet wide; that the two traffic lanes are divided in the middle by an intermittent white line; that the westerly lane accommodates traffic traveling in a southerly direction and the easterly lane accommodates traffic moving in a northerly direction."

After these stipulations were agreed upon and entered into, counsel for the defendant moved to dismiss the action for the reason that, "upon the facts appearing in the affidavit as constituting the basis for plaintiff's claim and upon the facts stipulated * * * it was apparent that Geraldine Buzby's negligence was at least one of the proximate causes, if not the sole proximate cause, of the death of Robert Alkie Williams; that, therefore, this action in tort cannot be sustained against the defendant under the Tort Claims Act."

The commissioner concluded that this motion to dismiss was in the nature of a demurrer, but that it was based not only on the allegations appearing in the affidavit of plaintiff filed 21 May 1958 but was also supported by the facts agreed to as set out in the stipulations appearing above; that, "even if the allegations of the affidavit alleged actionable negligence on the part of the driver of the school bus, which is questionable, said affidavit contains positive allegations of a negligent act of a third party, Geraldine Buzby, whose negligence proximately caused the death of Robert Alkie Williams; that, therefore, the affidavit of plaintiff alleged intervening negligence of a third party which would have insulated the negligence of the bus driver, had any been proved; that, therefore, on the basis of the allegations appearing in the affidavit of the plaintiff and on the agreed facts appearing in the stipulations," the commissioner was of the opinion that the motion to dismiss should be allowed, and entered an order accordingly.

The claimant appealed to the full Commission for review; the Commission likewise held, "From an examination of the affidavit filed and the stipulations of the parties, wherein plaintiff has stated the facts constituting its cause of action against the defendant, we think it affirmatively appears that the negligence of the defendant's driver, Paul Douglas Lamm, if any, was insulated by the active negligence of Geraldine Buzby, and that the result reached by the hearing commissioner should not be disturbed."

From the order affirming the order of the hearing commissioner, the plaintiff appealed to the Superior Court. The Superior Court affirmed the order of the Commission in all respects. Plaintiff appeals to the Supreme Court, assigning error.

*Carr & Gibbons for plaintiff.*
*Gardner, Connor & Lee for defendant.*

DENNY, J. No formal pleadings are required in a proceeding under our State Tort Claims Act. It is only necessary in order to invoke the jurisdiction of the Industrial Commission for the claimant

or person in whose behalf the claim is made to file with the Industrial Commission an affidavit in duplicate setting forth the material facts, as required by G.S. 143-297. This statute does not require the use of legal, technical or formal language, and the claimant is not held to the strict rules of pleadings applicable to common law actions. However, the claimant must have in his affidavit, among other things, "A brief statement of the facts and circumstances surrounding the injury and giving rise to the claim." This the plaintiff has done on behalf of its intestate.

The appellant assigns as error the ruling of the court below to the effect that the hearing commissioner and the full Commission were correct in dismissing the plaintiff's claim upon the conclusion of law that the plaintiff's affidavit and the stipulations of the parties affirmatively show that the negligence of Geraldine Buzby insulated the negligence of the defendant's bus driver.

Plaintiff contends that its affidavit and stipulations stated facts which affirmatively show that the negligence of the defendant's bus driver was either the sole proximate cause or a joint and concurring proximate cause of the death of Robert Alkie Williams, and that it should have been permitted to introduce evidence of its claim as set forth in its affidavit.

We are inclined to the view that this assignment of error is not without merit. It was stipulated that the Wilson County Board of Education had adopted certain rules and regulations governing the operation of its school buses; that such rules and regulations were in effect at the time of this accident. However, we are not given the benefit of the requirements of those rules. What do the rules require of a bus driver in a situation like that described in the affidavit? We are not advised. The plaintiff was not permitted to introduce any evidence, not even the rules about which the parties stipulated. In our opinion, in an informal proceeding like that provided in our Tort Claims Act, the plaintiff is entitled to have its evidence heard, and the evidence, together with the informal pleadings, considered by the hearing commissioner in making his findings of fact and conclusions of law.

The factual situation here is wholly unlike that which existed in *Turner v. Board of Education,* 250 N.C. 456, 109 S.E. 2d 211. In the Turner case it made no difference what the evidence disclosed since the accident occurred prior to the effective date of Chapter 1256 of the Session Laws of 1955. Hence, at the time the accident occurred, the Gastonia Board of Education was clothed with governmental immunity and had not been authorized by law to waive it.

The second assignment of error is directed to the affirmance of

the court below of the allowance by the hearing commissioner of the motion to dismiss the proceeding, which motion was based on the ground that the Tort Claims Act applies only to claims arising *solely* from the negligence of a State employee or by an employee of a public agency covered by the Act.

The motion to dismiss the proceeding was based on the legal conclusion that no public agency covered by the Tort Claims Act can be held liable for the negligent acts of its employee unless the negligence of such employee was the *sole* proximate cause of the claimant's injuries and damages. In our opinion this is not a correct interpretation of the Tort Claims Act.

G.S. 143-291 provides: "The North Carolina Industrial Commission is hereby constituted a court for the purpose of hearing and passing upon tort claims against the State Board of Education, the State Highway Commission, and all other departments, institutions and agencies of the State. The Industrial Commission shall determine whether or not each individual claim arose as a result of a negligent act of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, *under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina.* (Emphasis added.) If the Commission finds that there was such negligence on the part of an officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, which was the proximate cause of the injury and that there was no contributory negligence on the part of the claimant or the person in whose behalf the claim is asserted, the Commission shall determine the amount of damages which the claimant is entitled to be paid, including medical and other expenses * * *."

The legal limitation on the right to allow a claim under the provisions of G.S. 143-291 is limited to the same category with respect to tort claims against the agency covered as if such agency were a private person and such private person would be liable under the laws of North Carolina.

It is not necessary to cite authorities in support of the fact that in a tort action the negligence of a private person need not be the sole proximate cause of the injury, but, in the absence of contributory negligence, such party is liable if his negligence was one of the proximate causes of such injury. In our opinion, it was not the intent of the Legislature to limit liability under the Tort Claims Act to situations where the negligence of an employee was the sole proximate cause of the injury or damages inflicted.

20 — 251

---

FISHER *v.* ROGERS.

---

The defendant further cites in support of its position the case of *Flynn v. Highway Commission*, 244 N.C. 617, 94 S.E. 2d 571, which held that the State Highway and Public Works Commission could not be held liable for acts of omission on the part of one of its employees but only for acts of commission. The defendant points out that the plaintiff's brief concedes that all save one of the charges of negligence on the part of the school bus driver are directed toward failure omission. Be that as it may, with respect to a claim against a county school board, G.S. 143-300.1 provides: "The North Carolina Industrial Commission shall have jurisdiction to hear and determine tort claims against any county board of education or any city board of education, which claims arise as a result of any alleged negligent act or omission of the driver of a public school bus who is an employee of the county or city administrative unit of which such board is the governing board, and which driver was at the time of such alleged negligent act or omission operating a public school bus in the course of his employment by such administrative unit or such board. * * *"

In view of the conclusion we have reached, the order dismissing this proceeding is set aside and the cause is remanded to the Superior Court to the end that it be remanded to the Industrial Commission for further proceedings in accord with this opinion.

We express no opinion on the merits of the plaintiff's claim or of the defendant's defenses.

Remanded.