LEWIS M. PASCHALL v. NORTH CAROLINA DEPARTMENT OF CORREC-
TION, NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES AND
NORTH CAROLINA DEPARTMENT OF JUSTICE

No. 8610IC1321

(Filed 2 February 1988)

**Insane Persons § 11; Negligence § 30.1— release of patient from State mental hos-
pital—assault by patient—absence of negligence by Department of Human
Resources**

There was no evidence that defendant Department of Human Resources
violated any duty owed to plaintiff in releasing a woman from a State mental
hospital so as to be liable for injuries received by plaintiff when he was
assaulted by the woman where the assailant had been committed by the
district court to the State mental hospital for a period not to exceed sixty days
for a determination of her capacity to stand trial on criminal charges; a physi-
cian employed by defendant performed the evaluation, found that the assailant
had the capacity to proceed, and made his report as he was required to do
under N.C.G.S. § 15A-1002; and the assailant was returned to the court as
soon as all of the requirements of the court-ordered evaluation were met. The
fact that defendant could have confined the assailant for a maximum of sixty
days, which was ten days past the date of the assault, did not render defend-
ant negligent in releasing the assailant and returning her to the court at an
earlier date.

APPEAL by plaintiff from Opinion and Award of the North
Carolina Industrial Commission entered 26 August 1986. Heard in
the Court of Appeals 12 May 1987.

*Stainback & Satterwhite by Paul J. Stainback for plaintiff
appellant.*

*Monroe, Wyne, Atkins & Lennon by George W. Lennon for
defendant appellee.*

COZORT, Judge.

On 19 August 1981, the District Court of Warren County
committed Clementine Russell, who was charged with breaking or
entering and unauthorized use of an automobile, to Dorothea Dix
Hospital for a period not to exceed 60 days for observation and
examination to determine Russell's capacity to proceed to defend
the charges against her. The examination was made, and Russell
was discharged on 22 September 1981, with Dr. Billy W. Royal, an
employee of the North Carolina Department of Human Resources,

preparing the written evaluation. Dr. Royal stated in his report that Russell was competent to proceed to trial. He also stated, however, that Russell had a "significant, chronic illness resulting in behaviors that present many problems for the patient and for others." Dr. Royal also noted that Russell's "behavior in the community presents a continued danger to the patient and to others as noted in the recent past. Behavior in this hospital has been unpredictable and has presented instances of danger to others."

On 10 October 1981, Lewis M. Paschall, plaintiff herein, was attacked and assaulted by Russell, resulting in serious injuries to Paschall's face. The cuts to Paschall's face resulted in significant medical expenses and severe disfigurement. On 4 October 1984, plaintiff Paschall filed a claim for damages under the State Tort Claims Act, alleging that the State was liable to him because the injuries he received from the attack by Russell were due to the negligence of State officials in releasing Russell from Dorothea Dix Hospital.

Plaintiff initially filed his claim against the North Carolina Department of Correction, the North Carolina Department of Human Resources, and the North Carolina Department of Justice. In an order filed 4 April 1986, the action was dismissed as to all parties except the North Carolina Department of Human Resources and as to all allegations except as to Dr. Billy W. Royal. In a second order filed 4 April 1986, Industrial Commission Chairman David V. Brooks made findings of facts and conclusions of law to the effect that there "has been no showing of negligence upon the part of an employee of defendant [Department of Human Resources] which proximately caused injury to plaintiff." Plaintiff's claim was denied. Plaintiff appealed to the Full Commission. In an order filed 28 August 1986, the Full Commission affirmed and adopted as its own the Opinion and Award of Chairman Brooks. Plaintiff appealed to this Court.

The dispositive issue raised by this appeal is whether the Industrial Commission erred by finding and concluding that plaintiff's claim should be denied because there was no showing of negligence upon the part of an employee of defendant, Department of Human Resources, which proximately caused injury to plaintiff. Finding no error below, we affirm the Industrial Commission's order denying the plaintiff's claim.

Under N.C. Gen. Stat. § 143-293, appeals to the North Carolina Court of Appeals from the Industrial Commission "shall be for errors of law only under the same terms and conditions as governed appeals in ordinary civil actions, and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them." Thus, appellate review of Industrial Commission decisions is limited to two questions of law: (1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether the findings of fact of the Commission justify its legal conclusion and decision. *Bailey v. North Carolina Department of Mental Health*, 272 N.C. 680, 683-84, 159 S.E. 2d 28, 30-31 (1968).

With this standard in mind, we shall examine the primary argument brought forward by plaintiff. Plaintiff contends that the Commission erred in "Findings of Fact Nos. 7, 8, and 9 of the Opinion and Award, and in the Opinion of the Full Commission, in that the defendant did have notice that Clementine Russell was a danger to herself and others, that the defendant had the authority to prevent her release at the time complained of, and that the assault was foreseeable." We find no merit to this argument.

The Commission's pertinent findings of fact were:

3. Prior to 10 October 1981, the said Clementine Russell had been hospitalized at Dorothea Dix Hospital and examined for the purpose of determining her competency to stand trial on other charges. Her examination was as set forth in Dr. Royal's discharge summary, which was received in evidence by stipulation.

4. The examination of Clementine Russell by Dr. Royal prior to 10 October 1981 was performed pursuant to a lawful order of the General Courts of Justice.

5. Following the examination of Clementine Russell by Dr. Royal, and prior to her assault on the plaintiff, Clementine Russell was released by a lawful order of the General Courts [*sic*] of Justice.

6. At the time of her release, pursuant to a court order, the said Clementine Russell was receiving appropriate medication for her mental condition and was not dangerous to the plaintiff or others.

7. No employee of the defendant had notice of any danger to the plaintiff from Clementine Russell at the time of her release prior to 10 October 1981.

8. No employee of defendant had the power of authority to prevent the release of Clementine Russell at any time complained of.

9. The assault on the plaintiff by Clementine Russell was not reasonably foreseeable by an employee of defendant on or prior to 10 October 1981. Foreseeability is an essential element of proximate cause. *Williams v. Boulerice*, 268 N.C. 62, 149 S.E. 2d 590 (1966).

The Commission made only one conclusion of law:

There has been no showing of negligence upon the part of an employee of defendant which proximately caused injury to plaintiff. Plaintiff's claim must therefore be denied.

Plaintiff challenged only Findings of Fact Nos. 7, 8, and 9. The plaintiff did not challenge Findings of Fact Nos. 4, 5, and 6. The plaintiff also failed to challenge the conclusion of law made by the Commission. These unchallenged findings of fact and conclusion of law support the decision of the Industrial Commission to deny plaintiff's claim.

Our review of the record below and the transcript demonstrates that plaintiff simply failed to prove any negligence by the defendant, Department of Human Resources. The plaintiff never presented evidence of any duty of care violated by defendant's employee, Dr. Royal.

Actionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law. (Citations omitted.) The duty may arise specifically by mandate of statute, or it may arise generally by operation of law under application of the basic rule of the common law which imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to endanger the person or property of others. (Citation omitted.) This rule of the common law arises out of the concept that every person is under the

general duty to so act, or to use that which he controls, as not to injure another. Such duty of care may be a specific duty owing to the plaintiff by the defendant, or it may be a general one owed by the defendant to the public, of which the plaintiff is a part.

*Pinnix v. Toomey*, 242 N.C. 358, 362, 87 S.E. 2d 893, 897-98 (1955).

There is no evidence that Dr. Royal violated any duty owed to plaintiff or to the public. Russell was committed to Dorothea Dix Hospital under N.C. Gen. Stat. § 15A-1002, which provides that a defendant may be committed to a State mental facility for observation and treatment necessary to determine the defendant's capacity to proceed. The defendant may not be committed to the State mental health facility for more than 60 days. N.C. Gen. Stat. § 15A-1002(b)(2). Dr. Royal testified that Clementine Russell was committed to the Forensic Unit at Dorothea Dix by the District Court of Warren County on 19 August 1981. She was confined there until 22 September 1981 for the purpose of an evaluation regarding her competency to proceed to trial. Dr. Royal further testified that the Forensic Unit is not a treatment facility where patients are retained for treatment. If the patient is in need of continued long-term treatment, "we recommend that to the court, that they initiate the proper procedure for admission to the regional hospital for which that patient belongs or if we think they need some kind of treatment, outpatient or whatever, we recommend that to the Court." Dr. Royal prepared the discharge summary for Russell and sent copies of it to the presiding judge, the district attorney, the defense attorney, the Mental Health Center in the county from which she came, the Department of Social Services in that county, and to the patient. We find that Dr. Royal did all that he was required to do under the law. He performed the evaluation and made his report as he was required to do under N.C. Gen. Stat. § 15A-1002. He did not have the authority to involuntarily commit Russell to a treatment facility for an extended period of time. Under the controlling statutes in effect during 1981, N.C. Gen. Stat. § 122-58.1, *et seq.*, involuntary commitment was a judicial proceeding with the commitment decision being made by a judicial official. (The 1985 Session of the General Assembly revised many mental health statutes, repealing Chapter 122. The new involuntary commitment statutes, found in

Chapter 122C, continue the policy of involuntary commitment decisions being made by judicial officials.)

Plaintiff contends that the defendant is liable nonetheless because, under N.C. Gen. Stat. § 15A-1002, Dr. Royal could have confined Russell for a maximum of 60 days, which would have had Russell confined until 18 October 1981, 10 days past the date Russell assaulted plaintiff. Plaintiff argues that the State is liable because the State could have confined Russell to a date beyond the date upon which the assault occurred. This contention is without merit. Dr. Royal testified that Russell was returned to the court in Warren County as soon as all of the requirements of the 19 August 1981 court order had been met. He further testified that so many defendants were sent to the Forensic Unit for evaluation that, if all were kept for 60 days, the facility would be overwhelmed. For that reason, individuals are discharged from the unit as soon as the court-ordered evaluations have been completed, which, in some cases, would be as short as 24 hours.

We find that Dr. Royal completely fulfilled his duty under the law to evaluate Russell and submit an evaluation to the District Court of Warren County. No legal duty of care was violated, and the Industrial Commission correctly denied plaintiff's claim.

In a separate assignment of error, the plaintiff contends that the Commission erred in not receiving into evidence a report made by Dr. Royal on 13 October 1981, three days after Russell assaulted plaintiff. Plaintiff contends the report should have been admitted because this subsequent report reaffirmed the diagnosis Dr. Royal had made about Russell in September.

Plaintiff failed to include in the record or the transcript the exhibit to which this argument refers. This omission appears to have been a clerical error on the plaintiff's part because the transcript includes two copies of the 22 September discharge report. Nonetheless, we are unable to consider plaintiff's argument because Rule 9(a) and Rule 18 of the Rules of Appellate Procedure require that review in this Court is "solely upon the record on appeal and the verbatim transcript of proceedings." N.C. Rules of Appellate Procedure, Rule 9(a). The tendered exhibit was not made a part of the record or the transcript, and we cannot review the denial of its admission. We observe, however, that the plaintiff's brief appears to show no basis for a finding of

prejudicial error, given the date of the report (after the injury to plaintiff), and the nature of the information contained therein (repetitious of the September report).

For the reasons stated, the decision of the Industrial Commission is affirmed.

Affirmed.

Judge GREENE concurs.

Judge PHILLIPS concurs in the result.