MARTHA SMITH, ADMINISTRATRIX OF THE ESTATE OF RICHARD SMITH, DECEASED v. N.C. DEPARTMENT OF NATURAL RESOURCES & COMMUNITY DEVELOPMENT

No. 9210IC1002

(Filed 7 December 1993)

1. **State § 10 (NCI3d)— Tort Claims Act—appeal to full Commission—no' findings and conclusions required—adoption of deputy commissioner's decision proper**

    Because deputy commissioners of the Industrial Commission have the same powers as the full Commission in an action under the Tort Claims Act and therefore have the authority to conduct hearings and enter findings and conclusions, and because the full Commission is not required to enter its own findings and conclusions, the full Commission did not err in this case in adopting the decision of the deputy commissioner as its own without entering its own findings of fact and conclusions of law. N.C.G.S. § 143-296.

    **Am Jur 2d, States, Territories, and Dependencies §§ 99 et seq.**

2. **State § 8.2 (NCI3d)— action under Tort Claims Act—location of deceased—sufficiency of evidence to support findings**

    In an action to recover under the Tort Claims Act for the wrongful death of plaintiff's husband who slipped and fell to his death at a State park, the evidence was sufficient to support the Industrial Commission's findings of fact with regard

to the location of plaintiff's husband and son at the time of the fall.

**Am Jur 2d, Federal Tort Claims Act § 136.**

3. **State § 8.2 (NCI3d)— accident at State park—no failure to warn adequately—danger obvious and apparent**

In an action to recover for the wrongful death of plaintiff's husband who slipped and fell to his death at a State park, there was no merit to plaintiff's contention that the State acted negligently and created a dangerous condition by attempting to warn of the danger of the falls with a sign which was "insufficient, inadequate and incomplete," since the danger surrounding the slippery rocks and waterfall which dropped 200 feet was obvious and apparent, and the warning sign was adequate.

**Am Jur 2d, Negligence §§ 383 et seq.**

4. **State § 8.1 (NCI3d)— slip and fall over waterfall—contributory negligence—sufficiency of evidence**

The Industrial Commission did not err in concluding that plaintiff's husband was contributorily negligent in slipping and falling to his death over a waterfall in a State park where the husband failed to act reasonably and prudently in light of the fact that he was familiar with the area and should have been aware of the obvious dangers there, notwithstanding the possible presence of other people in an area of danger.

**Am Jur 2d, Negligence §§ 842-844, 867-871, 1102, 1113.**

5. **Evidence and Witnesses § 218 (NCI4th)— accident at State park—evidence of remedial measures inadmissible**

In a tort claim action to recover for the wrongful death of plaintiff's husband who slipped and fell to his death in a State park, the hearing commissioner did not err in excluding exhibits which showed remedial measures taken by the State at the park subsequent to the accident since such evidence is not admissible to prove negligence or culpable conduct, and the State did not contest the feasibility of precautionary measures. N.C.G.S. § 8C-1, Rule 407.

**Am Jur 2d, Evidence § 275.**

SMITH v. N.C. DEPT. OF NAT. RESOURCES

[112 N.C. App. 739 (1993)]

**Admissibility of evidence of repairs, change of conditions, or precautions taken after accident—modern state cases. 15 ALR5th 119.**

Appeal by plaintiff from order entered 8 June 1992 by J. Harold Davis, Commissioner, for the Full Commission of the North Carolina Industrial Commission. Heard in the Court of Appeals 16 September 1993.

*White and Crumpler, by G. Edgar Parker and Joan E. Brodish, for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Elisha H. Bunting, Jr., for the State.*

LEWIS, Judge.

On 22 June 1989 plaintiff filed a claim under the North Carolina State Tort Claims Act against the North Carolina Department of Natural Resources and Community Development (hereafter "the State"), seeking $100,000 in damages for the wrongful death of her husband, Richard Carroll Smith. The case was heard in December 1990 before Deputy Commissioner Roger L. Dillard of the North Carolina Industrial Commission. Commissioner Dillard entered an order denying plaintiff's claim on 7 May 1991 after concluding that the State was not negligent and that plaintiff's husband was negligent and the sole and proximate cause of his own death. The full Commission affirmed and adopted this decision on 8 June 1992, and plaintiff now appeals from this order.

On 29 May 1988 plaintiff, her husband, and son, Andrew, were visiting Stone Mountain State Park in Wilkes County, North Carolina. While at the Park they visited Beauty Falls. The water at Beauty Falls flows over a dome-shaped rock before falling 200 feet. The evidence shows that the Smiths had been to Beauty Falls in April 1988, and were aware of the topography of the area and the magnitude of the flow. The Smiths picnicked above the falls, where there is a warning sign which says "Danger, Falls Below." Plaintiff testified that other people were in the same area. Plaintiff explained that they did not feel they were in a dangerous area, because the ground was level and the water level was low due to a drought that summer. Richard Smith and his son walked around a granite rock and played in the water after lunch, while plaintiff napped. Plaintiff awoke to her son's screams, and learned that

her husband had slid on the rock and gone over the falls. Richard Smith died as a result of his fall.

On appeal plaintiff argues the full Commission erred in simply adopting the decision of the deputy commissioner without conducting its own hearing and entering its own findings and conclusions. Plaintiff also argues many of the findings of fact and conclusions of law are not supported by the evidence. Finally, plaintiff argues the hearing commissioner and the full Commission erred in failing to admit several of her exhibits into evidence.

I. Review by Full Commission

[1] Plaintiff's initial contention is that the full Commission failed to comply with N.C.G.S. §§ 143-291 and 143-292 by simply adopting the decision of the deputy commissioner without conducting its own hearing and making its own findings of fact and conclusions of law. We disagree. Deputy commissioners have full authority under the Tort Claims Act to carry out the purposes of the Act, and are vested with the same powers as members of the Industrial Commission. According to section 143-296,

> [t]he Industrial Commission is authorized to appoint deputies and clerical assistants to carry out the purpose and intent of this Article, and such deputy or deputies are hereby vested with the same power and authority to hear and determine tort claims . . . as is by this Article vested in the members of the Industrial Commission.

N.C.G.S. § 143-296 (1990). The statute governing appeals to the full Commission states that the full Commission "may amend, set aside, or strike out the decision of the hearing commissioner and may issue its own findings of fact and conclusions of law." § 143-292 (1990). We find that the legislature's use of the word "may" indicates that although the full Commission is permitted to enter its own findings of fact and conclusions of law, it is not required to do so.

Thus, because deputy commissioners have the same powers as the full Commission and therefore have the authority to conduct hearings and enter findings and conclusions, and because the full Commission is not required to enter its own findings and conclusions, we find the full Commission did not err in the case at hand in adopting the decision of the deputy commissioner as its own.

II.  Sufficiency of Evidence

Our standard of review is very limited. The Commission's findings of fact are conclusive on appeal if supported by any competent evidence, *Paschall v. North Carolina Department of Correction,* 88 N.C. App. 520, 364 S.E.2d 144, *disc. review denied,* 322 N.C. 326, 368 S.E.2d 868 (1988), and "appellate review . . . is limited to two questions of law: (1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether the findings of fact of the Commission justify its legal conclusion and decision." *Id.* at 522, 364 S.E.2d at 145.

A.  Findings of Fact

[2]  Plaintiff contends that the evidence does not support eight of the Commission's findings of fact. Findings of fact numbers 5 and 6 both concern the location of Richard Smith and his son at the time of the fall. Both findings indicate that the two had disregarded the warning and had travelled downstream to a dangerous area below the sign. Andrew Smith testified that he and his father had walked back up towards some steps. Plaintiff claims this testimony places the two at a spot above the warning sign at the time of the fall, and that it was therefore erroneous for the Commission to find that they were in a dangerous area.

However, Martha Smith testified that they picnicked that day in the area under the danger sign. She testified that after their picnic her husband and son travelled down to a pool of water located between the sign and the falls. This testimony constitutes competent evidence from which the Commission could find that Richard Smith and his son were in a dangerous area below the warning sign at the time of the accident.

Plaintiff also objects to finding of fact 15 in which the Commission stated that there was conflicting testimony over whether other people had been seen in the water around the warning sign. The Commission determined that even if people had been seen in the water, it would not be reasonable to assume that the danger sign could be ignored. Plaintiff again argues that Richard Smith did not venture below the sign, and we again find that competent evidence, Martha Smith's testimony, supports the finding that Richard was below the sign when he slipped and fell. We agree with the Commission that the possible existence of other people in the area would not render the warning sign meaningless.

Plaintiff assigns error to findings of fact 3 and 4 regarding the routes travelled by the Smiths around the falls, finding number 11 regarding a prior fatality at the falls, finding number 12 regarding the admissibility of certain exhibits, and finding number 18 regarding certain photographs and the sloping nature of the area. However, plaintiff presents no argument regarding these objections in her brief before this Court, but only references the first twenty-three pages of the brief, which encompass three different arguments. We find that plaintiff has failed to comply with Rule 28 of the appellate rules, which requires an argument as to each question presented and permits citation to relevant authority and relevant portions of the transcript or record on appeal. N.C.R. App. P. 28(b)(5). Plaintiff's vague reference to the first portion of her brief is inadequate to preserve her objections to these findings of fact. Notwithstanding this error, we find that competent evidence supports the challenged findings of fact.

B.  Negligence of State

[3]  Plaintiff argues the Commission misapprehended the applicable law and grossly abused its discretion in determining that the State was not negligent, and that it had adequately warned of the danger of the falls and the surrounding area. Plaintiff argues that the State's negligence was a proximate cause of Richard Smith's death, and that liability attaches even if that negligence was not the sole proximate cause. *See Branch Banking & Trust Co. v. Wilson County Bd. of Educ.*, 251 N.C. 603, 111 S.E.2d 844 (1960). Plaintiff claims that the State acted negligently and created a dangerous condition by attempting to warn of the danger of the falls with a sign that was "insufficient, inadequate and incomplete." Plaintiff specifically avers that the State should have warned of the danger of the slippery rock at the top of the falls, a dangerous condition of which the State was aware due to a previous fatality at that location. Plaintiff thus accuses the State of a "negligent undertaking to warn."

We note that visitors to the park are invitees, and the State therefore has a duty to exercise ordinary care in maintaining the premises in a reasonably safe condition, and to warn invitees of hidden dangers or unsafe conditions. *See Blevins v. Taylor*, 103 N.C. App. 346, 407 S.E.2d 244, *cert. denied*, 330 N.C. 193, 412 S.E.2d 678 (1991) (stating general rule on invitees). Plaintiff relies on cases from other jurisdictions to support her argument that

the State failed to adequately warn of the dangerous conditions. We note that the cases cited involve hidden or nonobvious dangers, such as submerged sandbars, *Herman v. State*, 439 N.Y.S. 2d 1018 (N.Y. Ct. Cl. 1981), *rev'd*, 463 N.Y.S. 2d 501 (N.Y. App. Div. 1983), *aff'd*, 482 N.Y.S. 2d 248 (N.Y. 1984) (New York's highest court agreed with the appellate court's reversal of the decision cited by plaintiff, and held that the State had no legal duty to warn of the danger of submerged sandbars because they are a natural phenomenon), and submerged rocks, *Mandel v. United States*, 793 F.2d 964 (8th Cir. 1986). The case at hand is distinguishable because it does not involve a hidden danger. The falls and surrounding rocks were obvious and clearly visible to any onlookers. In finding of fact number 16 the Commission noted that a park ranger testified that the sloping nature of the area is immediately apparent. In addition to the visibility and sound of the falls, the warning sign helped to make the dangerous nature of the area even more obvious.

Because the danger involved in the case at hand was obvious and apparent, we find the warning sign was adequate. We conclude that the Commission's findings of fact justify its legal conclusion that the State was not negligent.

C. Contributory negligence

**[4]** Plaintiff next contends that the Commission erred in concluding that Richard Smith was contributorily negligent. According to plaintiff, Richard Smith acted as a reasonable person. He was not aware that the exposed rocks were slippery and hazardous, and saw that other people got in the water in the area in question. Because he acted in the same manner as other people around him, plaintiff claims her husband was not contributorily negligent.

An invitee must act reasonably, using ordinary care to protect himself and discover obvious dangers. *See Prevette v. Wilkes Gen. Hosp., Inc.*, 37 N.C. App. 425, 428, 246 S.E.2d 91, 93 (1978). As stated above, we find that the Commission's findings of fact indicate that the danger of the falls should have been obvious and apparent to Richard Smith. Furthermore, Richard Smith and his family had been to the area one month earlier and were familiar with Beauty Falls and the surrounding area. We find Richard Smith failed to act reasonably and prudently in light of the fact that he was familiar with the area and should have been aware of the obvious dangers there, notwithstanding the possible presence of other people. We find the Commission's findings of fact support its conclusion that

Richard Smith did not act reasonably and was contributorily negligent.

III.   Admission of Exhibits

[5]   Finally, plaintiff contends the Commissioner erred in failing to admit evidence of subsequent remedial measures shown in exhibits number 9 through 18 and discussed in exhibit number 29. As plaintiff correctly points out, it is unclear from the transcript of the proceedings whether or not exhibit 29 was admitted into evidence. For the purposes of this argument, we will assume that it was not. Plaintiff argues the exhibits were admissible under Rules 407 and 803(8) of the North Carolina Rules of Evidence. According to Rule 407, evidence of subsequent remedial measures is not admissible to prove negligence or culpable conduct, but such evidence may be offered for other purposes such as "proving ownership, control, or feasibility of precautionary measures, if those issues are controverted, or impeachment." N.C.G.S. § 8C-1, Rule 407 (1992). Rule 803(8) provides that public records and reports are an exception to the hearsay rule. § 8C-1, Rule 803(8) (1992).

Exhibits 9 through 18 are photographs of signs, railings and stairways constructed around the area of Beauty Falls after Richard Smith's death. Plaintiff argues they were admissible under Rule 407 because the State contested the feasibility of precautionary measures. We disagree. James Billings, the park superintendent, testified that the park could not be made "safe," but admitted that it could be made "safer" and mentioned several examples of possible precautionary measures. We find that the evidence was properly excluded under Rule 407, because the State did not challenge the feasibility of precautionary measures, nor did it contest ownership or control of the area.

Alternatively, plaintiff argues the evidence serves to impeach the State's contentions that the area could not be made safe, claiming that the new railings and sign now render that area completely safe. We find this position to be unsupported by the evidence. The fact that no accidents have occurred since the safety measures were put in place does not prove that accidents will not happen at Beauty Falls in the future. We believe the Commissioner correctly concluded that exhibits 9 through 18 were inadmissible.

Exhibit 29 is a report prepared by William Hubbard, Public Safety Officer in the Division of Parks and Recreation for the

**IN RE SAFRIET**

[112 N.C. App. 747 (1993)]

State of North Carolina, as a result of his investigation of Richard Smith's death. The report contains recommendations for subsequent remedial measures to be taken at the park. The State contends that it was to this portion of the report that it objected at the hearing. We conclude that even if the report could be admissible under the public records exception to the hearsay rules, it would still have to be excluded under Rule 407 because it very clearly addresses subsequent remedial measures. As stated above, we find that the ownership, control and feasibility of such measures were not controverted.

IV. Conclusion

We conclude that the Commission acted properly in affirming and adopting the findings and conclusions of the deputy commissioner. We also conclude the evidence supported the findings of fact which in turn supported the conclusions of law, and find the Commission did not err regarding the admissibility of plaintiff's exhibits.

No error.

Judges WELLS and MARTIN concur.