**AMBROSE v. UNIVERSITY OF N.C. AT ASHEVILLE**

[118 N.C. App. 659 (1995)]

DAVID RUSSELL AMBROSE, Plaintiff-Appellant v. UNIVERSITY OF NORTH CAROLINA AT ASHEVILLE, Defendant-Appellee

No. COA94-725

(Filed 2 May 1995)

**State § 55 (NCI4th)— student walking through window—no negligence by defendant's safety manager**

Evidence was sufficient to support the Industrial Commission's findings of fact which in turn supported its conclusion that plaintiff's injuries which he sustained when he walked through a plate glass window at defendant university were not due to any negligence on the part of defendant's safety manager where the evidence tended to show that the safety manager was not responsible for the type of glass installed in the window and that she had no express or implied knowledge of the danger involved.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 675 et seq.**

Appeal by plaintiff from Decision and Order of the Industrial Commission entered 20 April 1994. Heard in the Court of Appeals 23 March 1995.

Plaintiff filed an Affidavit and Claim for Damages under the Tort Claims Act, N.C. Gen. Stat. § 143-291 *et. seq.* (1993), seeking to recover for injuries allegedly arising as a result of the negligence of Robyn Hansen, defendant's safety manager. In his affidavit, plaintiff states that on 9 August 1991, when attempting to exit the Administration Building at the University of North Carolina at Asheville, he walked into a glass panel adjacent to an open door and that the panel shattered, causing injuries to his fingers. Plaintiff further states that the glass panel (1) was unmarked and gave no indication of its presence except by a border metal frame, (2) was improperly placed in relation to the surrounding walkway and walls, and (3) was the type of glass which is not reasonably safe.

The deputy commissioner denied plaintiff's claim. Plaintiff appealed to the Full Commission, which affirmed the deputy commissioner's decision by its Decision and Order entered 20 April 1994.

AMBROSE v. UNIVERSITY OF N.C. AT ASHEVILLE

[118 N.C. App. 659 (1995)]

*George W. Moore for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Richard L. Griffin, for defendant-appellee.*

WALKER, Judge.

Our review of a decision of the Industrial Commission in a case arising under the Tort Claims Act is limited to determining whether there was any competent evidence before the Commission to support its findings of fact and whether its findings of fact justify its legal conclusion and decision. *Paschall v. N.C. Dept. of Correction*, 88 N.C. App. 520, 364 S.E.2d 144, 145, *disc. review denied*, 322 N.C. 326, 368 S.E.2d 868 (1988).

The Commission made the following pertinent findings of fact:

3. . . . In the process of exiting the building, [plaintiff] walked through a plate glass window which shattered and caused him to sustain serious injuries. The window was beside a set of glass double doors which were propped open to let air into the unair-conditioned building. The window was framed but was as tall as the doors. It was located directly in front of the hallway which plaintiff had walked. In order to go out of the doors, he would have had to have veered to his left as he walked past the stairway which came down to the entry way to the left of where he was walking.

4. The window through which plaintiff walked was very clean and had no decals or posters on it. There were no obstructions in front of it. He walked through it because he assumed that it was an open doorway.

5. [The Administration Building] was built in the early 1960's when safety glass was not required by the North Carolina Building Code. The window in question complied with the building code in existence at that time and it had not been replaced prior to the incident in question. . . . By 1978 the building code required windows of this nature to have safety glass, but buildings built before that time did not have to be modified to comply with code.

6. Other people had walked into the window prior to plaintiff's injury, although it had never broken and apparently no one had gotten hurt. . . . Robyn Hansen, the safety manager for the

**AMBROSE v. UNIVERSITY OF N.C. AT ASHEVILLE**

[118 N.C. App. 659 (1995)]

University, was unaware of the problem. She worked in another building on campus. No one had reported to her that on occasion people had been bumping into the glass.

. . .

9. . . . In view of the large number of people who had entered and exited the building over the years without reported incident, the fact that no one had reported a problem with people bumping into this window to her and the fact that the danger was not apparent, Ms. Hansen could not have reasonably anticipated plaintiff's injury.

The Commission also found that the danger involved was not one of which Ms. Hansen had express or implied knowledge and that although plaintiff was a licensee on campus and was subject to a lower duty of care, there would have been no breach of duty of care had he been an invitee. Based on these findings, the Commission concluded that plaintiff's injuries were not due to any negligence on the part of Robyn Hansen and thus denied plaintiff's claim.

Having reviewed the record, we find that the Commission's findings were supported by competent evidence. Thus, the question to be resolved on appeal is whether the Commission's findings justify its legal conclusion and decision.

Under the Tort Claims Act, recovery is permitted for injuries resulting from the negligence of a State employee while acting within the scope of his employment under circumstances where the State, if a private person, would be liable to the claimant in accordance with the laws of North Carolina. *Phillips v. N.C. Dept. of Transportation*, 80 N.C. App. 135, 137, 341 S.E.2d 339, 341 (1986); N.C. Gen. Stat. § 143-291 (1993). A landowner owes an invitee a "duty of ordinary care to maintain his premises in a safe condition and to warn of hidden dangers that had been or could have been discovered by reasonable inspection." *Mazzacco v. Purcell*, 303 N.C. 493, 498, 279 S.E.2d 583, 587 (1981). The Commission's finding of fact number 5 establishes that defendant's safety manager was not responsible for the kind of glass which was installed in the Administration Building in the 1960's and thus did not create the risk of injury to plaintiff. Moreover, the Commission's findings support the conclusion that defendant's safety manager neither knew nor should have known of the danger to plaintiff. Thus, assuming *arguendo* that plaintiff was an invitee, we hold that the facts found by the Commission justify its legal conclu-

IN RE STOWE

[118 N.C. App. 662 (1995)]

sion that plaintiff's injuries were not due to any negligence on the part of defendant's safety manager. *Cf. Waugh v. Duke Corporation*, 248 F. Supp. 626, 631 (1966) (in holding defendant negligent for failing to warn infant guest of hidden danger of glass panel or to place markings thereon which would indicate the presence of glass to the infant or for failing to construct guards around glass panels and that such negligence proximately caused injuries suffered by six-year-old child who walked into glass panel, believing it to be an open space to the courtyard, the court noted that while adults can be expected to employ discretion and care to recognize and avoid the panels, such cannot reasonably be expected of a child coming upon a panel in defendants' motel for the first time).

Affirmed.

Judges EAGLES and MARTIN, JOHN C. concur.