Under the Tort Claims Acts, negligence is determined by the same rules applicable to private parties. Bolkir v. N.C. State Univ., 321 N.C. 706,709 (1998). Plaintiff has shown that the injuries and damages he sustained were the proximate result of a negligent act of William Mackey, a state employee acting in the course and scope of his employment as a probation officer for defendant. N.C. Gen. Stat. § 143-291. Plaintiff sustained injuries and damages related to a serious motor vehicle accident when Mackey struck the plaintiff with his automobile while plaintiff was riding a moped. Mackey failed to use due diligence and care when cresting a hill while traveling north on U.S. Highway 1. The evidence of record indicates that Mackey was distracted, failed to travel at a safe speed, and failed to brake timely because he wanted to "go around" the plaintiff. (T. p. 93, 95, 126). The majority's opinion in this case has erred in finding that the motor vehicle accident in which plaintiff was injured was not proximately caused by the negligence of defendant or its employees or agents.
Contrary to the majority's conclusion of law, plaintiff has indeed established actionable negligence by showing that Mackey failed to exercise due care in the performance of a legal duty owed to plaintiff under the circumstances. Bolkir at 900. Due diligence requires a driver to use caution when cresting a hill. This involves traveling at a safe speed braking or slowing down, if necessary and assessing the road ahead for any obstacles, so as to ensure the safety of any persons or vehicles that may be nearby. At the hearing before the deputy commissioner, Mackey testified that upon cresting the hill, he was distracted by lights from a nearby business. (T. p. 93). When he finally did return his eyes to the road, he noticed a moped traveling in front of him. (T. p. 95). Instead of immediately braking, Mackey testified that he sought to "go around" the moped. (T. p. 95 
126). Mackey stated both in deposition and at hearing before the Deputy Commissioner that he did not brake until the actual collision took place. (T. p. 94). Mackey had a legal duty owed to plaintiff to exercise due care in ensuring plaintiff's safety by traveling with care, in this case, simply braking timely to avoid a collision. Thus, Mackey breached his duty of care owed to plaintiff.
The majority found that plaintiff's motor vehicle accident and resulting injuries were more likely the cause of his own negligence or error. At the hearing before the Deputy Commissioner and the Full Commission, much discussion centered on where the plaintiff was traveling whether he was on the center line, just right of the center line, or closer to the far right line of the road and the testimony of the plaintiff and Mackey do not provide clarity as to where the plaintiff's moped was actually located. However, what is clear and undisputed is that the damage to Mackey's car was on the front-left corner of the vehicle; thus, Mackey struck the plaintiff from the right. (T. p. 99). This is further corroborated by Mackey's own testimony that he "moved toward the right-hand side of the road" while attempting to "go around," or pass the plaintiff. (T. p. 95-96, 126). Passing a motor vehicle on the right is clear negligence.
Moreover, even if plaintiff's actions could be deemed as contributory negligence, as the majority asserts, it was not the intent of the Legislature to limit liability under the Tort Claims Act to situations where the negligence of a state employee was the sole proximate cause of the injury or damages inflicted. Branch Banking Trust Co. v.Wilson C'nty Bd. Of Educ., 251 N.C. 603, 111 S.E.2d 844 (1960) (emphasis added).
As a result of Mackey's negligence and breach of his legal duty owed to plaintiff to exercise due care in operating his motor vehicle by simply braking when he noticed the moped traveling in front of him, instead of trying to "go around" it, defendants are liable to plaintiff for injuries and damages sustained as a consequence of such breach. N.C. Gen. Stat. § 143-291. For these reasons, I must respectfully dissent from the majority's Opinion and Award.
 S/_____________ THOMAS J. BOLCH COMMISSIONER