***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Rideout.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 2 
1. Plaintiff, a prison inmate, alleges that a nurse employed by Defendant at Piedmont Correctional Institution denied him adequate health care as required by N.C. Gen. Stat. § 148-19.
2. Defendant moved to dismiss Plaintiff's complaint for failure to comply with the special pleading requirements of North Carolina Civil Procedure Rule 9(j).
3. Plaintiff did not assert in his pleading that the medical care provided to him had been reviewed by an individual reasonably expected to qualify as an expert witness under Rule 702 of the North Carolina Rules of Evidence and who would testify that the medical care provided Plaintiff did not comply with the applicable standard of care pursuant to N.C. Gen. Stat. § 90-21.12.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties." Bolkhir v.N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove the four common law elements of negligence: (1) that one or more employees or agents of the defendant owed the plaintiff a cognizable duty and (2) breached this duty; and (3) that this breach proximately caused (4) injury to the plaintiff. Id.
2. A defendant's motion to dismiss tests the legal sufficiency of a plaintiff's complaint, such that the Commission must determine whether, considering all of the facts alleged by Plaintiff in the light most favorable to him, Plaintiff has successfully stated a cause of action for negligence under the Tort Claims Act. BranchBanking Trust Co. v. Wilson County Bd. of Educ.,251 N.C. 603, 111 S.E.2d 844 (1960). *Page 3 
3. The provision of "adequate" health care to prison inmates, as mentioned in N.C. Gen. Stat. § 148-19, is a duty owed by the State of North Carolina arising out of the state and federal constitutions, the violation of which would give rise to a constitutional claim rather than for common law negligence as under the Tort Claims Act. The Commission lacks subject matter jurisdiction over allegations that a Plaintiff's rights arising from state and federal constitutional provisions have been violated.See generally Medley v. N.C. Dep't of Correction,330 N.C. 837, 412 S.E.2d 654 (1992).
4. Plaintiff has failed to comply with the Rule 9(j) pleading requirement and pursuant to Rule 9(j) the complaint must be dismissed. Plaintiff has further failed to state a claim for negligence upon which relief could be granted and therefore his claim is subject to being dismissed with prejudice. N.C. Gen. Stat. § 143-291; N.C. Rules of Civil Procedure 9(j); 12(b)(1) and 12(b)(6).
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the 8th day of April, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 4 
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1