***********
The Full Commission reviewed the prior Interlocutory Order, based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Order. Accordingly, the Full Commission affirms the Order of Deputy Commissioner Rowell.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On March 13, 2009, Plaintiff, a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction, initiated this civil action by filing his Tort Claim Affidavit with the North Carolina Industrial Commission. Plaintiff has *Page 2 
alleged in his Affidavit that several employees of Defendant at Lanesboro Correctional Institution denied him an opportunity to possess reading material of a religious nature.
2. Defendant moved to dismiss the action on the grounds that,inter alia, Plaintiff had asserted a cause of action arising from the alleged violation of his constitutional rights, rather than setting forth a claim for negligence as permitted under the Tort Claims Act.
3. The Full Commission finds that Plaintiff's allegations against Defendant's employees are, in fact, of a constitutional nature.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties."Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove the four common law elements of negligence: (1) that one or more employees or agents of the defendant owed the plaintiff a cognizable duty, and (2) breached this duty, and (3) that this breach proximately caused, (4) injury to the plaintiff. Id.
2. A Defendant's motion to dismiss tests the legal sufficiency of a Plaintiff's complaint, such that the Commission must determine whether, considering all of the facts alleged by Plaintiff in the light most favorable to him, Plaintiff has successfully stated a cause of action for negligence under the Tort Claims Act. BranchBanking Trust Co. v. Wilson County Bd. of Educ.,251 N.C. 603, 111 S.E.2d 844 (1960). *Page 3 
3. The Industrial Commission lacks subject matter jurisdiction over allegations that a Plaintiff's rights arising from state and federal constitutional provisions have been violated. Seegenerally Medley v. N.C. Dep't of Correction,330 N.C. 837, 412 S.E.2d 654 (1992).
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's tort claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed to Plaintiff, who was permitted to proceedin forma pauperis.
This the 7th day of September, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1