***********
The Full Commission reviewed the prior Interlocutory Order, based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Order. Accordingly, the Full Commission affirms the Order of Deputy Commissioner Rowell.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On February 18, 2009, Plaintiff, a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction, initiated this civil action by filing his Tort Claim Affidavit with the North Carolina Industrial Commission. Plaintiff has *Page 2 
alleged in his Affidavit that several items of his personal property were smeared with cocoa butter while being transported to Bertie Correctional Institution on or about October 15, 2008. Plaintiff names a correctional officer "F. Jenkins" as the negligent employee of Defendant.
2. Defendant moved to dismiss the action on the grounds that,inter alia, Plaintiff failed to state a claim for negligence upon which relief may be granted under the Tort Claims Act.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties."Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove the four common law elements of negligence: (1) that one or more employees or agents of the defendant owed the plaintiff a cognizable duty, and (2) breached this duty, and (3) that this breach proximately caused, (4) injury to the plaintiff. Id.
2. A Defendant's motion to dismiss tests the legal sufficiency of a Plaintiff's complaint, such that the Commission must determine whether, considering all of the facts alleged by Plaintiff in the light most favorable to him, Plaintiff has successfully stated a cause of action for negligence under the Tort Claims Act. BranchBanking Trust Co. v. Wilson County Bd. of Educ.,251 N.C. 603, 111 S.E.2d 844 (1960).
3. "Dismissal under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; *Page 3 
or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." Wood v. Guilford County,355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002), citing Oates v. JAGInc., 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985).
4. In the instant case, Plaintiff has not set forth "facts sufficient to make a good claim," insofar as there are no allegations concerning what the named employee did or failed to do with respect to Plaintiff's personal property. Accordingly, Plaintiff's tort claim is subject to dismissal with prejudice.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's tort claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed to Plaintiff, who was permitted to proceedin forma pauperis.
This the 9th day of September, 2010.
 S/__________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/__________ STACI T. MEYER COMMISSIONER
 S/__________ BERNADINE S. BALLANCE COMMISSIONER *Page 1