THOMAS E. COLLINS, Administrator of the Estate of JUDY DIANNE COLLINS Plaintiff (TA-10219), THOMAS E. COLLINS, Individually Plaintiff (TA-11510) v. NORTH CAROLINA PAROLE COMMISSION, Defendant

No. 199PA95

(Filed 31 July 1996)

1. **State § 39 (NCI4th)— parole of inmate—negligence action—jurisdiction of Industrial Commission**

   The North Carolina Industrial Commission was not deprived of jurisdiction under the Tort Claims Act by allegations that three members of the Parole Commission acted wantonly, recklessly, and maliciously and were grossly negligent in granting and supervising parole of an inmate who subsequently shot plaintiff and his wife. To give the Industrial Commission jurisdiction of a tort claim, the claim must be based on negligence and there are degrees of negligence. Although the Tort Claims Act does not give the Industrial Commission jurisdiction to award damages based on intentional acts, willful, wanton, and reckless conduct does not rise to the level of intent for an injury to occur.

   **Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 649-651.**

**2. State § 55 (NCI4th)— parole of inmate—Parole Commission—not negligence**

The Industrial Commission correctly dismissed claims against three former members of the Parole Commission arising from the parole of an inmate who subsequently shot plaintiff and his wife. Defendants were undoubtedly acting within the scope of their official authority when they granted and refused to revoke the parole and there was nothing corrupt or malicious in their actions; the members of the Parole Commission could reasonably rely on the most recent available psychological evaluation and recommendations of prison officials in granting the parole and the violations incurred by the inmate while on parole were not of the type which would indicate he would commit violent acts if he remained on parole.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 137-157.**

**Immunity of public officer from liability for injuries caused by negligently released individual. 5 ALR4th 773.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 118 N.C. App. 544, 456 S.E.2d 333 (1995), affirming the 23 March 1994 decision of the Industrial Commission which dismissed the plaintiff's claims. Heard in the Supreme Court 13 December 1995.

This is an action by the plaintiff in his individual capacity and as administrator of the estate of his deceased wife. The action was commenced against the North Carolina Parole Commission and three former members of the Commission by the filing of affidavits with the Industrial Commission, in which it was alleged that the three former members of the Parole Commission, Walter T. Johnson, Joe H. Palmer, and Joy J. Johnson, acted wantonly, recklessly, and maliciously and were grossly negligent in granting a parole to one Karl DeGregory and in supervising him while he was on parole. The plaintiff alleged these acts were the proximate cause of the death of his wife and of serious injury to him. While DeGregory was on parole, he entered the plaintiff's home and shot him. DeGregory then took the plaintiff's wife to a motel in Myrtle Beach, South Carolina, where he shot her to death and then committed suicide.

The case was submitted to Deputy Commissioner Charles Markham on stipulated facts. Deputy Commissioner Markham found

the following facts: DeGregory was convicted in July 1973 of two charges of first-degree murder and was sentenced to concurrent life sentences. He was considered for parole in 1979 and 1981, but parole was denied. In 1982, the Division of Prisons recommended DeGregory for a Mutual Agreement Parole Program (MAPP). At that time, the defendant had only one prison infraction, which was incurred in 1975. Under the terms of the MAPP, DeGregory would be assigned to minimum security and given a work assignment, possibly at the Western Governor's Mansion, for one year. After one year, if satisfactory progress was made, DeGregory was to be placed on work release. If work release proved successful, DeGregory would be paroled. The district attorney for the Twenty-Sixth Prosecutorial District objected to a MAPP for DeGregory. He wrote to the Parole Commission that DeGregory was "a cold, calculating killer and extremely dangerous." The Sheriff of Mecklenburg County also objected to a MAPP for DeGregory.

Deputy Commissioner Markham found further facts as follows: Dr. Robert Delany, a psychiatrist, submitted a report in which he said DeGregory maintained an excellent prison adjustment record and had taken jobs requiring responsibility and dependability. He said, "Prison adjustment scales do not suggest assaultive tendencies, escape tendencies or tendencies to violate parole supervision." Dr. Delany said DeGregory had no evidence of seriously elevated anxiety, depression, or thought disorder. Dr. Delany recommended DeGregory's participation in the MAPP. There were at least thirteen letters recommending DeGregory for the MAPP, including letters from correctional officials. DeGregory was approved for the MAPP in March 1983 and then paroled on 13 August 1984.

Deputy Commissioner Markham found that the Parole Commission could and did reasonably rely on the most recent available psychological evaluation, recommendations and reports of prison officials, and endorsements from knowledgeable persons in the community. He concluded that the granting of the parole was not a breach of the ordinary care reasonable persons would have exercised under all the circumstances. He concluded it did not constitute wanton, malicious, corrupt, reckless, or grossly negligent conduct.

The deputy commissioner found as to the conduct of the Commission while DeGregory was on parole that several restrictions were placed on him, including not changing his job or residence or leaving the county without the permission of his parole officer. On 19

COLLINS v. NORTH CAROLINA PAROLE COMMISSION

[344 N.C. 179 (1996)]

September 1984, special added conditions required him to continue counseling at a mental health center, to observe a curfew, and not to leave the county without the express permission of the Parole Commission.

Deputy Commissioner Markham found further that the Parole Commission had no statutory authority or duty to supervise a parolee. He also found that while DeGregory was on parole, the district attorney for the Twenty-Sixth Prosecutorial District wrote to the Parole Commission asking that DeGregory be reincarcerated. The district attorney said an attorney in Florida had advised him that DeGregory was suspected of committing five murders in that state prior to committing the murders for which he was convicted in North Carolina. Deputy Commissioner Markham said that a reading of *State v. DeGregory*, 285 N.C. 122, 203 S.E.2d 794 (1974), in which the defendant confessed to five murders in Florida in order to support his insanity plea, would show how tenuous this evidence was. The deputy commissioner also found that on several occasions DeGregory violated his parole by going to other counties without permission, violating curfew, and failing to keep appointments with his counselor and parole officer. He found that the infractions DeGregory committed were not of the type which would indicate he would commit violent acts if he was not reincarcerated.

The deputy commissioner also found that the relationship between plaintiff's intestate and DeGregory was such that her negligence would insulate any negligence which injured Thomas Collins and would be contributory negligence barring a claim for her estate. The facts upon which these conclusions were made are not necessary to our decision in this case, however.

Deputy Commissioner Markham concluded that (1) the plaintiff has not proved that the Parole Commission was negligent in placing DeGregory on parole and in not revoking his parole; (2) as public officials, the members of the Commission are immune from suit for negligence for actions taken in the course of their official duties while acting in their official capacity; and (3) the employees of the Parole Commission who supervised DeGregory while he was on parole were not negligent in their supervision because, from his actions, it was not foreseeable that he would commit a violent act. Deputy Commissioner Markham dismissed the claims. The full Commission adopted the findings of fact and conclusions of law of the deputy commissioner and affirmed the dismissal.

The Court of Appeals affirmed, and we granted the plaintiff's petition for discretionary review.

*Griffin & Wright, P.A., by Michael H. Griffin, for plaintiff-appellant.*

*Michael F. Easley, Attorney General, by Elisha H. Bunting, Jr., Special Deputy Attorney General, for defendant-appellee.*

WEBB, Justice.

[1] The Court of Appeals affirmed the decision of the Industrial Commission on the ground that under the State Tort Claims Act, N.C.G.S. § 143-291 (1993), sovereign immunity is waived only for negligent acts. The plaintiff alleged in this case that the acts of the members and employees of the Parole Commission were wanton, reckless, malicious, and grossly negligent. The Court of Appeals held that the Tort Claims Act waived the State's sovereign immunity only for ordinary negligence, and the plaintiff has alleged more than ordinary negligence. The Court of Appeals said this deprived the Industrial Commission of jurisdiction.

We disagree with the reasoning of the Court of Appeals. In *Jenkins v. N.C. Dep't of Motor Vehicles*, 244 N.C. 560, 94 S.E.2d 577 (1956), we held that the Tort Claims Act does not give the Industrial Commission jurisdiction to award damages based on intentional acts. We said that to give the Industrial Commission jurisdiction of a tort claim, the claim must be based on negligence. We have held that there are degrees of negligence and that willful, wanton, and reckless conduct does not rise to the level of intent for an injury to occur. *Woodson v. Rowland*, 329 N.C. 330, 341, 407 S.E.2d 222, 229 (1991). The negligence alleged in this case does not deprive the Industrial Commission of jurisdiction.

[2] Nevertheless, we affirm the decision of the Court of Appeals on other grounds. The defendants in this case are public officials. "As long as a public officer lawfully exercises the judgment and discretion with which he is invested by virtue of his office, keeps within the scope of his official authority, and acts without malice or corruption, he is protected from liability." *Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976); *accord Smith v. Hefner*, 235 N.C. 1, 7, 68 S.E.2d 783, 787 (1952). The defendants were undoubtedly acting within the scope of their official authority when they granted parole to DeGregory and refused to revoke his parole. There was nothing

corrupt or malicious in their actions. Indeed, we agree with the conclusion of Deputy Commissioner Markham that the members of the Parole Commission could reasonably rely on the most recent available psychological evaluation and recommendations of prison officials in granting the parole, and the violations incurred by DeGregory while he was on parole were not of the type which would indicate he would commit violent acts if he remained on parole.

The Industrial Commission correctly dismissed the claims.

MODIFIED AND AFFIRMED.