***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Commissioner Ballance. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
Based upon the evidence of record, the Full Commission adopts the findings of fact found by the Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff was an inmate of the North Carolina Department of Correction when he filed this action.
2. In his affidavit, filed on 20 June 2001, plaintiff alleges that the sentence he received upon his conviction in Superior Court was based in part on a misapplication of the point system used in determining an appropriate sentence. Plaintiff filed a Petition for Writ of Certiorari in order to challenge the sentence, to which Assistant Attorney General Daniel P. O'Brien replied on behalf of the State. Plaintiff in his current application before the Commission appears to allege that Assistant Attorney General Daniel P. O'Brien's response to the petition in which he failed to agree with plaintiff's position constitutes negligence on the part of Assistant Attorney General O'Brien and damaged plaintiff in that his petition was denied by the Court as a result of that response.
3. Plaintiff failed to allege any acts of negligence on the part of the named employee. The actions of Assistant Attorney General O'Brien constitute the lawful exercise of judgment and discretion with which he is vested by virtue of his office, were within the scope of his official authority, and were without malice or corruption; therefore he is protected from liability. See Collins v. North Carolina Parole Comm'n,344 N.C. 179, 473 S.E.2d 1 (1996).
4. Because plaintiff failed to allege negligent acts by any named employees of a State agency as required under the Tort Claims Act, the Commission lacks jurisdiction to address his claim. Plaintiff's claim regarding the possibility of an improper basis for his sentencing in the General Courts of Justice is properly presented by Motion for Appropriate Relief before the North Carolina Court of Appeals.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The actions of Assistant Attorney General Daniel P. O'Brien were a lawful exercise of judgment and discretion with which he is vested by virtue of his office, and were within the scope of his official authority, and were without malice and corruption, therefore he is protected from liability.
2. Plaintiff has failed to prove by evidence or testimony any negligence on the part of defendant.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, the plaintiff's tort claim is DENIED and DISMISSED WITH PREJUDICE. Plaintiff has failed to present any credible evidence or testimony to support his allegation of negligence and has failed to state a claim of negligence on the part of defendant.
2. Each party shall bear its own costs.
This the 14th day of October 2002.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_____________ THOMAS J. BOLCH COMMISSIONER