***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Ford. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
Based upon the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff is incarcerated in the North Carolina Department of Correction and is currently housed at Pasquatank Correctional Institution in Elizabeth City, North Carolina.
2. Plaintiff alleges upon his arrival on April 27, 1999 to the Craggy Correctional Center in Asheville, North Carolina during the initial routine inventory of property that Sergeant Getman, Officer Matayabas and Officer Hemmingway took from his possession and destroyed a bottle of cologne that was unlabeled, an ace bandage, a wrist brace and some drawings on envelopes and pieces of cardboard.
3. A Department of Corrections memorandum was marked as defendant's Exhibit 1 and received into evidence. This memorandum detailed a policy of approved art supplies and stated that unapproved art supplies would be considered contraband and would be destroyed. Plaintiff's drawings met the description of unapproved art supplies.
4. A copy of the Department of Corrections policies concerning personal property was marked as plaintiff's Exhibit One and received into evidence. An unlabeled bottle of fluid, such as plaintiff's bottle of cologne, is considered contraband.
5. There is no evidence of record showing plaintiff required the ace bandage or wrist brace for medical reasons. Plaintiff could easily have obtained a new ace bandage and wrist brace by completing a sick call request, however, he has failed to show that he made any such request.
6. By an intentional act of Sergeant Getman, Officer Matayabas and Officer Hemmingway, plaintiff was deprived of a bottle of cologne that was unlabeled, an ace bandage, a wrist brace and some drawings on envelopes and pieces of cardboard done by plaintiff.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Recovery for intentional acts is not allowed under the North Carolina Tort Claims Act. Collins v. North Carolina Parole Commission,344 N.C. 179, 473 S.E.2d 1 (1996).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claims for monetary damages for the loss of his drawings, cologne, wrist brace and ace bandage are hereby dismissed with prejudice.
2. Each side shall bear its own costs.
This the 19th day of March 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN