* * * * * * * * * * *
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS with some modifications the Decision and Order of the Chief Deputy Commissioner.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is an inmate in the custody of defendant. Plaintiff filed an affidavit on March 28, 2002 alleging that when he was transferred from Nash Correctional Institute to Marion Correctional Institute on January 29, 2002, defendant's employees at Marion *Page 2 
Correctional Institute withheld various items of his personal property. These items consisted of, among other things, legal tablets, personal pictures, personal cards and letters, and materials related to a number of court proceedings that plaintiff had filed in various courts.
2. Some of plaintiff's items had been purchased through a canteen at Nash Correctional Institute or were sent to plaintiff by family members and approved for possession by defendant's officials at Nash Correctional Institute. Defendant's officials at Marion Correctional Institute informed plaintiff that under policies at Marion Correctional Institute, the materials could not be possessed by inmates at that facility. Plaintiff sent a substantial number of items home to his family. However, plaintiff contends that another inmate who transferred on the same day as plaintiff was allowed to retain possession of a number of the same type of items of which plaintiff was dispossessed.
3. Plaintiff alleges that as a result of the actions of defendant's agents or employees, his North Carolina Constitutional rights and equal protection rights to be free from discrimination were breached. In addition, plaintiff alleges that Chief Deputy Commissioner Gheen did not have jurisdiction to hear his case because at a hearing before Deputy Commissioner Edward Garner, defendant forfeited the right to challenge plaintiff's claims. Plaintiff alleges that the "Facsimile Transmission Hearing" of April 24, 2006 was double jeopardy.
4. On September 6, 2002, defendant filed a Motion to Dismiss plaintiff's claims pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW *Page 3 
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation and all other departments, institutions and agencies of the State. Plaintiff alleges intentional acts on the part of defendant and violation of his Constitutional rights.
3. Plaintiff's claims must be dismissed as the Industrial Commission lacks jurisdiction over claims of intentional acts and Constitutional claims. Collins v. North Carolina Parole Commission, 344 N.C. 179,473 S.E.2d 1 (1996); Jenkins v. Department of Motor Vehicles, 244 N.C. 560,94 S.E.2d 577 (1956); Braswell v. University, 5 N.C. App. 1,168 S.E.2d 24 (1969).
 * * * * * * * * * * *
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claims under the State Tort Claims Act must be and are hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
 This 11th day of July, 2007. *Page 4 
S/___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________________ BUCK LATTIMORE CHAIRMAN
 S/___________________________ DANNY LEE MCDONALD COMMISSIONER *Page 1