***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor, and the briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms and adopts the Decision and Order of Special Deputy Commissioner Taylor, with minor modifications.
 ***********
Based upon the record of the proceedings from the hearing before the Deputy Commissioner, the Full Commission finds as follows: *Page 2 
1. This matter was consolidated for hearing with TA-18973. Defendant filed a Motion to Dismiss plaintiff's claim on several grounds, including failure to state a claim, pursuant to Rule 12(b)(1), (2) and (6) of the N.C. Rules of Civil Procedure.
2. During the hearing, the plaintiff stated that his conviction was improper, based on inadequate D.N.A. testing. He stated in his pleadings that defendant's agents or employees were negligent in taking DNA samples that a Sampson County Superior Court Judge ordered the State of North Carolina to take. Plaintiff alleged that the N.C. State Bureau of Investigation Laboratory's medical department refused to take court-ordered samples for DNA testing.
3. Plaintiff's pleadings allege intentional conduct or constitutional violations. These are matters over which the Industrial Commission has no jurisdiction.
4. Plaintiff's Affidavit on its face does not state a claim for negligence.
 ***********
Based upon the foregoing findings, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the North Carolina State Board of Education, the North Carolina Department of Transportation, and all other departments, institutions, and agencies of the State. Under the provisions of the North Carolina State Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988).
2. At common law, a state officer acting within the scope of his authority could not be held liable for the exercise of judgment and discretion unless he acted maliciously or corruptly. In re Grad v.Kaasa, 312 N.C. 310, 313, 321 S.E.2d 888, 890-91 (1984). While the North Carolina State Tort Claims Act waives sovereign immunity for the State, the Act does not waive official immunity for public officers.Collins v. North Carolina Parole Comm'n, 344 N.C. 179, 473 S.E.2d 1
(1996). However, intentional acts are not within the scope of the *Page 3 
North Carolina State Tort Claims Act. N.C. Gen. Stat. § 143-291. The North Carolina Industrial Commission lacks jurisdiction over claims of intentional acts.
3. The plaintiff failed to allege and base his claim upon the negligence of a named employer or officer of the State of North Carolina as required by the North Carolina State Tort Claims Act. Instead, the plaintiff sued for D.N.A. testing, and alleged denial of constitutional rights.
4. The plaintiff did not seek monetary damages, as required by the North Carolina State Tort Claims Act, but sued to require D.N.A. testing, which is a request for specific performance, and not a remedy allowed under the Act.
5. Plaintiff has failed to state a claim upon which relief may be granted.
 ***********
Based upon the foregoing findings and conclusions of law, the Full Commission enters the following:
 ORDER
1. The defendant's Motion to Dismiss is hereby GRANTED.
2. Plaintiff's claim is DISMISSED WITH PREJUDICE.
3. No costs are taxed, as the plaintiff filed this civil action informa pauperis.
This the 14th day of August, 2008.
 S/___________________ *Page 4 
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
S/___________________
DIANNE C. SELLERS
COMMISSIONER
S/___________________
CHRISTOPHER SCOTT
 COMMISSIONER *Page 1