***********
The Full Commission reviewed the Decision and Order from which the plaintiff appealed, based upon the record of proceedings before Special Deputy Commissioner Taylor, and the assignments of error before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms and adopts the Decision and Order of Special Deputy Commissioner Taylor, with minor modifications.
 ***********
Based upon all of the competent evidence of record, and reasonable inferences flowing therefrom, the Full Commission makes the following findings: *Page 2 
1. This matter was consolidated for hearing purposes with TA-19633 and came before the North Carolina Industrial Commission on the defendants' Motions to Dismiss.
2. The defendants moved to dismiss plaintiff's claim based on a number of grounds, including public official immunity, no negligence and lack of subject matter jurisdiction.
3. During the hearing, the plaintiff stated that his conviction was improper, based on inadequate D.N.A. testing. He further stated that on March 31, 2004 a Sampson County Superior Court Judge ordered the State of North Carolina to retest the items that remain in its possession regarding his criminal case, and that the State did not conduct the testing as ordered. The plaintiff wants the items sent to a private testing facility where he can have the tests completed at his own expense, if necessary. The plaintiff wants retesting of the items collected in the crime investigation so that he may proceed with attempts to procure a new trial, and possibly overturn his conviction.
 ***********
Based upon the foregoing findings, the Full Commission enters the following conclusions of law:
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the North Carolina State Board of Education, the North Carolina Department of Transportation, and all other departments, institutions, and agencies of the State. Under the provisions of the North Carolina State Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988).
2. While the North Carolina State Tort Claims Act waives sovereign immunity for the State, the Act does not waive official immunity for public officers. Collins v. North Carolina *Page 3 Parole Comm'n, 344 N.C. 179, 473 S.E.2d 1 (1996). A public officer can not be held liable unless he acts with malice and corruption.Id. Plaintiff has not alleged malice or corruption on the part of a public official.
3. Intentional acts are not within the scope of the Tort Claims Act; therefore the Industrial Commission lacks jurisdiction over such claims. N.C. Gen. Stat. § 143-291.
4. The plaintiff failed to allege and base his claim upon the negligence of a named officer of the State of North Carolina, as required by the Tort Claims Act. Instead, the plaintiff sued to compel Court ordered D.N.A. testing or the return of test samples so he can get private testing. The Industrial Commission has no jurisdiction over such matters. N.C. Gen. Stat. § 143-291.
5. The plaintiff did not seek monetary damages, as required by the North Carolina State Tort Claims Act, but sued to require D.N.A. testing, which is a request for specific performance, and not a remedy allowed under the Act. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the foregoing findings and conclusions of law, the Full Commission enters the following:
 ORDER
1. The defendants' Motions to Dismiss are hereby GRANTED.
2. No costs are taxed, as the plaintiff filed this civil action informa pauperis.
This the 14th day of August, 2008.
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER *Page 4 
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1