***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives, or amend the Decision and Order except for minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. This matter came before Special Deputy Commissioner Taylor on defendant's Motion to Dismiss with Prejudice on May 6, 2008. Specifically, N.C. Department of Correction *Page 2 
moved to dismiss plaintiff's claim on the basis of public official and judicial immunity, lack of subject matter jurisdiction and failure to allege specific acts of negligence committed by a specific state employee. Additionally, N.C. Department of Correction moved to dismiss on the grounds that plaintiff's affidavit alleges constitutional violations.
2. During the May 6, 2008 hearing, plaintiff clarified that he wished to sue Moore County Clerk of Superior Court and the Administrative Office of the Courts (AOC) regarding issues arising from his alleged incorrect prison sentence and ongoing incarceration.
3. Plaintiff alleges damages in excess of $10,000 arising from named parties' choice of sentencing option and subsequent refusal to reopen his Motion for Appropriate Relief requests.
4. Plaintiff was convicted of the felonies of Second Degree Murder (Principal), and two (2) counts of Armed Robbery (Principal) in Moore County, North Carolina, on January 23, 1983. The individual sentences are scheduled to run consecutively for a LIFE term of imprisonment.
5. In closing, N.C. Department of Correction stated during the hearing that
 a. The Industrial Commission lacks the power to order specific performance in the form of an order to the Clerk of Court to reopen and examine and/or correct plaintiff's sentence as such relief is obtained through a Motion for Appropriate Relief within the Criminal Superior Court where plaintiff was convicted.
6. In the Full Commission's discretion, after reviewing the written affidavits and hearing oral arguments, the Moore County Clerk of Court and The Honorable James M. Webb *Page 3 
are included as defendants to this matter. The Clerk of Court and Superior Court Judge are publicly elected officials.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the state.
2. Under the provisions of the Tort Claim Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. At common law, a state officer acting within the scope of his authority cannot be held liable for the exercise of judgment and discretion unless he acts maliciously or corruptly. In re Grad v.Kaasa, 312 N.C. 310, 313, 321 S.E.2d 888, 890-91 (1984). While the Tort Claims Act waives sovereign immunity for the State, the Act does not waive official immunity for public officers. Collins v. North CarolinaParole Commission, 344 N.C. 179, 473 S.E.2d 1 (1996).
4. A public official can not be held liable unless he acts with malice or corruption. If there is such conduct, then there is no negligence, but rather intentional conduct.
5. Intentional acts are not within the scope of the Tort Claims Act. See N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts.
6. Plaintiff has failed to allege and base his claim upon negligence of the named employer or officer of the state as required by the Tort Claims Act. He has instead made a Motion for Appropriate Relief and sued based on a denial of constitutional rights arising out of *Page 4 
alleged errant criminal sentencing and/or administrative decisions by the Clerk of Court and a Superior Court Judge.
7. Plaintiff has not claimed a "vested right" to monetary damages as required by the Tort Claims Act. Plaintiff calculated his damages for lost wages, etc., for the period of March 6, 2006 through January 4, 2008 and continuing. However, a vested right to monetary damages in a case such as this case could only arise for consideration, in the event of an actual exoneration or change of sentence. Since the Industrial Commission must consider the sentence currently in place as issued by the Moore County Superior Criminal Court, plaintiff's claim may alternately be seen as a request for an order of specific performance or habeas corpus action which are not remedies allowed under the State Tort Act.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. N.C. Department of Correction's Motion to Dismiss is hereby GRANTED.
2. No costs are taxed as Husketh was permitted to file this civil action informa pauperis.
This the 26th day of January 2009.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING: *Page 5 
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1