***********
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Gillen. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Deputy Commissioner Gillen.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. A hearing on plaintiff's tort claim was held on 6 June 2008 in Butner, NC.
2. Plaintiff, an inmate in NCDOC custody, testified that on or about 29 June 2004 he was transferred from Union County to Central Prison. Upon arrival at Central Prison, plaintiff *Page 2 
was informed that he could not keep his street clothes and shoes and that the clothes and shoes would be sent to an outside address of his choosing using money in plaintiff's account.
3. Plaintiff testified that these items were not sent to this address and instead a different shirt and pair of shoes, items that did not belong to plaintiff, were received at the specified address.
4. Plaintiff further testified that a guard expressed interest in plaintiff's clothes and shoes and that this guard stole plaintiff's clothes and shoes.
5. Plaintiff alleges intentional acts of malfeasance.
6. Plaintiff did not present sufficient evidence of negligence of any DOC employee.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The Industrial Commission lacks jurisdiction over claims of intentional acts as intentional acts are not within the scope of the Tort Claims Act. N.C. Gen. Stat. § 143-291; Bolkhir v. N.C. StateUniversity, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988); Collins v.North Carolina Parole Commission, 344 N.C. 179, 473 S.E.2d 1 (1996).
2. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that injuries were sustained that were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. N.C. Gen. Stat. § 143-291. The terms of the Tort Claims Act must be strictly construed. NorthwesternDistrib., Inc. v. N.C. Dept. of Transp., 41 N.C. App. 548,255 S.E.2d 203, cert. denied, 298 N.C. 567, 261 S.E.2d 123 (1979). *Page 3 
3. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
4. Plaintiff has failed to prove any negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's is hereby DENIED.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 23rd day of March, 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR *Page 4 
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1