***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Special Deputy Commissioner Donna Taylor and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives, or amend the Decision and Order except for minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. This matter came before Special Deputy Commissioner Taylor on defendant's Dismiss with Prejudice on August 22, 2008. *Page 2 
2. Specifically, the Department of Justice moved to dismiss the plaintiff's, James Rodney Cole, Jr., (hereinafter "Cole") claim is on the basis of lack of subject matter jurisdiction because Cole has not alleged a tort action against a name employer or officer of the State as required by Tort Claims Act and expiration of the Statute of Limitations for filing a Tort Action.
3. On June 29, 2008, the Industrial Commission received Cole's claim for damages Under Tort Claim Act Affidavit. The affidavit contains the following allegations and requests for relief:
 a. Cole alleges that the City of Greensboro, North Carolina, the named defendant, was negligent in the hiring, training and supervision of Greensboro Police Officers who assaulted him;
 b. That the Guilford County Superior County Court dismissed the above claim filed under its jurisdiction on the grounds that the named officers violated Cole's rights under the United States and State of North Carolina Constitutions;
 c. As a result of alleged conduct Cole suffered physical injuries, and loss of property in excess of $10,000.00 based on alleged conduct of the Greensboro police officer(s).
4. On September 13, 2007, the Industrial Commission received Cole's Reply to Defendant Motion to Dismiss which alleges that in particular that:
 a. The criminal charges associated with the beating incident were dismissed as a result of the police officer's negligence; *Page 3 
 b. Cole's claims should not be barred by the statute of limitations because he was charged on May 4, 2004 and could not file any claim until the criminal charges were dropped in criminal court;
 c. On July 13, 2004, Guilford County Superior County Court judge suppressed the evidence obtained during the assault and dropped and dropped the pending criminal charges stating that the officers acted outside the scope of their duties and violated Cole's constitutional rights.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). The determination of jurisdiction is the first order of business proceeding before the Industrial Commission. Crawford v. Wayne County Bd. Of Educ.,3 N.C. App. 343, 164 S.E.2d 748 (1968), aff'd, 275 N.C. 354,168 S.E.2d 33 (1969).
3. At common law, a state officer acting within the scope of his authority cannot be held liable for the exercise of judgment and discretion unless he acts maliciously or corruptly. In re grad v.Kaasa, 312 N.C. 310, 313, 321 S.E.2d 888, 890-91 (1984). While the Tort Claims Act waives sovereign immunity, the Act does not waive official immunity for public officers. Collins v. North Carolina Parole Comm'n,344 N.C. 179, 473, S.E.2d 1 (1996). *Page 4 
4. A public official can not be held liable unless he acts with malice or corruption. If there is such conduct, then there is no negligence, but rather intentional conduct. Collins v. North Carolina ParoleComm'n, 344 N.C. 179, 473 S.E.2d 1 (1996).
5. Intentional acts are not within the scope of the Tort Claims Act.See N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts.
6. Plaintiff has failed to allege and base his claim upon negligence of a named employer or officer of the State as required by the State Court Act. He has instead sued based on a denial of constitutional rights arising out of alleged errant criminal surveillance tactics conducted by police officers of the City Greensboro, North Carolina. The City of Greensboro does not fall within the jurisdiction of the Industrial Commission because it is not a department, an agency, or institution of the State of North Carolina as required by the Tort Claims Act.
7. Plaintiff has filed this claim in the wrong court of law. Intentional acts and constitutional violations are not within the scope of the Tort Claims Act. N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts and constitutional violations. Braswell v. N.C. AT University,5 N.C. App. 1, 168 S.E.2d 24 (1969); Jenkins v. Department of MotorVeh., 244 N.C. 560, 94 S.E.2d 577 (1956).
8. In the alternative, if this matter were deemed a tort action within the jurisdiction of the Industrial Commission, then the Statute of Limitations for filing a tort action within the Industrial Commission expired in Friday, May 4, 2007.
 *********** ORDER
1. NCDOC's Motion to Dismiss is hereby GRANTED. *Page 5 
2. No costs are taxed as Cole was permitted to file this civil actionin forma pauperis.
This the 2nd day of April, 2009.
 S/________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/_____________ STACI T. MEYER COMMISSIONER
 S/_____________ PAMELA T. YOUNG CHAIR *Page 1