***********
The undersigned reviewed the prior Order, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission AFFIRMS the Order of Deputy Commissioner Holmes.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction, initiated this civil action on February 2, 2009 by filing his Tort Claim Affidavit with the North Carolina Industrial Commission. Plaintiff alleged in his *Page 2 
Affidavit that on or about January 23, 2009 employees of Defendant at Alexander Correctional Institution engaged in a "pattern of flagrant acts" by tampering with Plaintiff's outgoing legal mail. Plaintiff seeks "monetary nominal damages" as a remedy for the asserted tort claim.
2. On March 17, 2009, Defendant moved to dismiss this action on the grounds that Plaintiff's claim is frivolous, insofar as Plaintiff seeks a remedy unavailable under the Tort Claims Act and asserts a cause of action for intentionally tortious conduct rather than for negligence. At the hearing before the Deputy Commissioner, Defendant further noted that Plaintiff's allegations, even if true, would give rise to a cause of action to remedy the violation of his state and/or federal constitutional rights.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The Industrial Commission lacks jurisdiction over claims of intentional acts as intentional acts are not within the scope of the Tort Claims Act. N.C. Gen. Stat. § 143-291; Bolkhir v. N.C. StateUniversity, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988);Collins v. North Carolina Parole Commission,344 N.C. 179, 473 S.E.2d 1 (1996).
2. The North Carolina Tort Claims Act permits individuals to sue State departments or agencies for injuries caused by the negligence of State employees. A plaintiff must show that injuries were sustained that were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. N.C. Gen. Stat. § 143-291. The terms of the Tort Claims Act must be strictly construed. Northwestern Distrib.,Inc. v. N.C. Dept. of Transp.,41 N.C. App. 548, 255 S.E.2d 203, cert. denied,298 N.C. 567, 261 S.E.2d 123 (1979). *Page 3 
3. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
4. Plaintiff has failed to prove any negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
5. The Tort Claims Act does not confer upon the Industrial Commission subject matter jurisdiction over causes of action based upon intentionally tortious conduct, as the State's sovereign immunity has not been waived with respect to such actions.Jenkins v. N.C. Dep't of Motor Vehicles,244 N.C. 560, 563, 94 S.E.2d 577, 580 (1956); see also Collins v.N.C. Parole Comm'n, 344 N.C. 179, 183, 473 S.E.2d 1, 3 (1996).
6. Moreover, the Commission lacks subject matter jurisdiction over allegations that a plaintiff's rights arising from state and federal constitutional provisions have been violated. See generallyMedley v. N.C. Dep't of Correction,330 N.C. 837, 412 S.E.2d 654 (1992).
7. Therefore, because Plaintiff's Affidavit does not sufficiently allege a cause of action for negligence, but rather sets forth allegations of intentionally tortious conduct or violations of his constitutional rights, his tort claim is subject to dismissal with prejudice.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE. *Page 4 
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 17th day of March, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1