***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Griffin.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. A hearing on defendant's Motion to Dismiss was held 3 June 2009.
2. Plaintiff alleged in his Affidavit that on 25 January 2008 employees of defendant at Mountain View Correctional Institution used pepper spray against him, shoved his head into a door, and verbally abused him.
3. On 3 March 2009 defendant moved to dismiss this action on the grounds that plaintiff's claim was frivolous. At the hearing before the Deputy Commissioner, defendant further elaborated that plaintiff's claims were outside the subject matter jurisdiction of the Industrial Commission because they stated causes of action for intentionally tortious conduct and a violation of plaintiff's state and/or federal constitutional rights.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties." Bolkhir v.N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove the four common law elements of negligence: (1) that one or more employees or agents of the defendant owed the plaintiff a cognizable duty, and (2) breached this duty, and (3) that this breach proximately caused, (4) injury to the plaintiff. Id.
2. The Tort Claims Act does not confer upon the Industrial Commission subject matter jurisdiction over causes of action based upon intentionally tortious conduct, as the State's sovereign immunity has not been waived with respect to such actions.Jenkins v. N.C. Dep't of *Page 3 Motor Vehicles, 244 N.C. 560, 563, 94 S.E.2d 577, 580 (1956);see also Collins v. N.C. Parole Comm'n,344 N.C. 179, 183, 473 S.E.2d 1, 3 (1996).
3. Insofar as plaintiff has clearly alleged intentionally tortious conduct by employee(s) of defendant, his claim is subject to dismissal with prejudice.
4. Additionally, the Commission lacks subject matter jurisdiction over allegations that a plaintiff's rights arising from state and federal constitutional provisions have been violated. Seegenerally Medley v. N.C. Dep't of Correction,330 N.C. 837, 412 S.E.2d 654 (1992).
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed to plaintiff, who was permitted to proceedin forma pauperis.
This the 7th day of April, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 4 
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1