***********
Upon review of the competent evidence of record, including the briefs of the parties, with reference to the errors assigned and finding no good grounds to receive further evidence, to rehear the parties or their representatives, or to amend the Deputy Commissioner's Order, the Full Commission affirms and adopts the Deputy Commissioner's Order, with some modifications, and enters the following Order.
 ***********
Upon review of the record herein, the Full Commission finds and concludes that on October 17, 2008, Plaintiff, a prison inmate, filed an Affidavit under the North Carolina Tort Claims Act alleging that medical personnel employed by Defendant forcibly and against his will administered a tuberculosis vaccination to him on September 16, 2008. On November 7, 2008, Defendant filed a Motion to Dismiss and Answer, and on July 8, 2009, Deputy Commissioner Holmes granted Defendant's Motion. *Page 2 
Under the North Carolina Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties." Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a state tort claim, a plaintiff must allege and prove the four common law elements of negligence: (1) that one or more employees or agents of the defendant owed the plaintiff a cognizable duty; (2) that the defendant breached this duty; (3) that this breach proximately caused injury to the plaintiff; and (4) that the plaintiff sustained damages. Id. However, the North Carolina Tort Claims Act does not confer upon the North Carolina Industrial Commission subject matter jurisdiction over causes of action based upon intentionally tortious conduct, as the State's sovereign immunity is not waived in such actions. Jenkins v. N.C. Dep't ofMotor Vehicles, 244 N.C. 560, 94 S.E.2d 577 (1956); seealso, Collins v. N.C. Parole Comm'n,344 N.C. 179, 473 S.E.2d 1 (1996).
Because Plaintiff's Affidavit alleged intentionally tortious conduct on the part of certain employees of Defendant, his claim is subject to dismissal with prejudice for want of subject matter jurisdiction. Additionally, the North Carolina Industrial Commission lacks subject matter jurisdiction over Plaintiff's allegations concerning violations of state and federal constitutional provisions. See generally, Medley v. N.C. Dep't ofCorrection, 330 N.C. 837, 412 S.E.2d 654 (1992). Finally, matters pertaining to post-conviction supervision of prison inmates in the State of North Carolina are largely left to the discretion of Defendant by the General Assembly. See generally, Goble v.Bounds, 281 N.C. 307, 188 S.E.2d 347 (1972).
For good cause shown, it is ORDERED that Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
It is further ORDERED that no costs are taxed to Plaintiff, who obtained permission to proceed in forma pauperis. *Page 3 
This the ___ day of June 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1