***********
Upon review of the competent evidence of record, including the briefs of the parties, with reference to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives, the Full Commission affirms and adopts the Deputy Commissioner's Decision and Order, with some modifications, and enters the following Decision and Order.
 *********** ISSUE
The issue to be determined is whether Plaintiff met his burden of proving negligence on the part of Defendant or its agents?
 *********** *Page 2 
Based upon the competent and credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On July 3, 2007, Plaintiff, a prison inmate, filed an Affidavit under the North Carolina Tort Claims Act alleging that a Prison Emergency Results Team (P.E.R.T.) threw some of his legal mail into the garbage during a cell search and it was never recovered. On September 6, 2007, Defendant filed a Motion to Dismiss and Answer.
2. At the hearing before the Deputy Commissioner, Plaintiff testified that P.E.R.T. personnel conducted a search of inmate cells at Bertie Correctional Institution but did not follow correct procedures in that they intentionally threw documents belonging to him "over the rail" and eventually into the garbage, and it was never recovered. Plaintiff alleged that P.E.R.T. personnel are obligated to put the property of inmates in bags during their searches. According to Plaintiff, the documents thrown away by the P.E.R.T. personnel included important legal documents, personal books, and pictures. Plaintiff stated that he reported he was missing the aforementioned personal property, but a Bertie Correctional Institution unit manager specifically prevented the material from being retrieved.
3. The Full Commission finds as fact that Plaintiff's Affidavit alleges intentional acts of malfeasance on the part of Defendant's agents.
4. The Full Commission further finds that Plaintiff failed to meet his burden of presenting sufficient evidence of negligence on the part of any of Defendant's agents.
 ***********
Based upon the foregoing findings of fact, the Full Commission enters the following: *Page 3 
 CONCLUSIONS OF LAW
1. The North Carolina Industrial Commission lacks jurisdiction over claims of intentional acts, as intentional acts are not within the scope of the North Carolina Tort Claims Act, and such allegations of negligence are determined by the same rules applicable to private parties. N.C. Gen. Stat. § 143-291 (2009);Collins v. North Carolina Parole Commission,344 N.C. 179, 473 S.E.2d 1 (1996); Bolkir v. N.C. StateUniversity, 321 N.C. 706, 365 S.E.2d 898 (1988).
2. The North Carolina Tort Claims Act permits individuals to sue agencies of the State of North Carolina for injuries caused by the negligence of their agents. A plaintiff must prove that the injuries alleged were the proximate result of a negligent act of a named state agent acting within the course and scope of his employment. N.C. Gen. Stat. § 143-291 (2009). The terms of the North Carolina Tort Claims Act must be strictly construed.Northwestern Distrib., Inc. v. N.C. Dept. of Transp.,41 N.C. App. 548, 255 S.E.2d 203, cert. denied,298 N.C. 567, 261 S.E.2d 123 (1979).
3. Plaintiff failed to meet his burden of proving negligence on the part of any named officer, employee, involuntary servant, or agent of Defendant while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused Plaintiff an injury. N.C. Gen. Stat. § 143-291 (2009).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following: *Page 4 
 ORDER
1. Plaintiff's claim must be, and hereby is, DENIED.
2. No costs are taxed to Plaintiff, as he has obtained permission to proceed in forma pauperis.
This the ___ day of June 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1