***********
The Full Commission reviewed the prior Interlocutory Order, based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Order. Accordingly, the Full Commission affirms the Order of Deputy Commissioner Rowell.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On March 30, 2009, Plaintiff, a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction, initiated this civil action by filing his Tort Claim Affidavit with the North Carolina Industrial Commission. Plaintiff has *Page 2 
alleged in his Affidavit that officials of Defendant wrongfully raised medical co-payment fees charged to inmates in the State prison system.
2. Plaintiff also made a written motion to amend his complaint prior to the hearing before Deputy Commissioner Rowell on September 23, 2009. On the record, Plaintiff's motion dated on or about July 14, 2009, was granted by the Deputy Commissioner, and Plaintiff's Affidavit was amended as requested therein.
3. Defendant orally moved to dismiss the action on the grounds that, inter alia, Plaintiff has effectively challenged a policy determination left to the sole discretion of the Department of Correction in its executive authority over the prison system, as conferred upon the department and its officials by the General Assembly.
4. The Full Commission finds that Plaintiff has, in fact, alleged actions which were deliberate and discretionary on the part of Defendant's officials.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties."Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove the four common law elements of negligence: (1) that one or more employees or agents of the defendant owed the plaintiff a cognizable duty, and (2) breached this duty, and (3) that this breach proximately caused, (4) injury to the plaintiff. Id.
2. A Defendant's motion to dismiss tests the legal sufficiency of a Plaintiff's complaint, such that the Commission must determine whether, considering all of the facts *Page 3 
alleged by Plaintiff in the light most favorable to him, Plaintiff has successfully stated a cause of action for negligence under the Tort Claims Act. Branch Banking Trust Co. v. Wilson County Bd.of Educ., 251 N.C. 603, 111 S.E.2d 844 (1960).
3. Policy determinations involving the lawful exercise of judgment and discretion conferred by the General Assembly upon officials of the North Carolina Department of Correction are generally not subject to judicial oversight except as they implicate the constitutional rights of a person in the department's custody.See Goble v. Bounds,281 N.C. 307, 312, 188 S.E.2d 347, 350 (1972); cf. Collins v. N.C.Parole Comm'n, 344 N.C. 179, 183-84, 473 S.E.2d 1, 3 (1996). By asserting a cause of action for negligence with respect to such an exercise of discretion over the administration of the State's penal system, as established by N.C. Gen. Stat. § 143B-262 and related statutory provisions set forth in chapters 143B and 148 of the North Carolina General Statutes, Plaintiff's tort claim does not present a justiciable issue and must therefore be dismissed.
4. The Tort Claims Act does not confer upon the Industrial Commission subject matter jurisdiction over causes of action based upon intentionally tortious conduct, as the State's sovereign immunity has not been waived with respect to such actions.Jenkins v. N.C. Dep't of Motor Vehicles,244 N.C. 560, 563, 94 S.E.2d 577, 580 (1956); see alsoCollins v. N.C. Parole Comm'n,344 N.C. 179, 183, 473 S.E.2d 1, 3 (1996).
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER *Page 4 
1. Plaintiff's Motion to Amend his complaint is GRANTED, and Plaintiff's complaint is amended as requested in the motion filed on or about July 14, 2009.
2. Plaintiff's tort claim is hereby DISMISSED WITH PREJUDICE.
3. No costs are taxed to Plaintiff, who was permitted to proceedin forma pauperis.
This the 7th day of September, 2010.
 S/__________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/__________ STACI T. MEYER COMMISSIONER
 S/__________ BERNADINE S. BALLANCE COMMISSIONER