***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Hammond and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms the Decision and Order of Special Deputy Commissioner Hammonds.
 *********** MOTION RULING
The Full Commission in its discretion hereby DENIES Plaintiff's "Motion to Submit Sufficient Evidence." Tort Claims Rule T309.
 *********** *Page 2 
Based upon the competent and credible evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On August 11, 2010, Plaintiff initiated this civil action by filing his Tort Claims Act Affidavit with the North Carolina Industrial Commission.
2. Plaintiff's Affidavit alleges that Governor Beverly Perdue of the State of North Carolina has committed acts of negligence "due to the states deficits budget crisis and N.C. economical meltdown caused by the N.C. States Government." Plaintiff further alleges that such budget crisis has resulted in "layed off correctional officers which have negligently interfered with plaintiff medical health."
3. On September 8, 2010, Defendant filed a Motion to Dismiss and Motion for Stay of Discovery.
4. Defendant moved to dismiss the action on the grounds that Plaintiff has failed to state a claim upon which relief may be granted in that the allegations, even if taken as true, are not sufficient to establish negligence on the part of Defendant. Defendant further moved to dismiss on the grounds that although the Tort Claims Act waives sovereign immunity for the State, the Act does not waive official immunity for public officials.
5. Pursuant to Defendant's Motion to Dismiss, the above captioned tort claim was set for a pretrial videoconference hearing on Wednesday, December 8, 2010.
6. On said date of the hearing, the Special Deputy Commissioner was notified by correctional officers at Maury Correctional Institution that Plaintiff had refused to leave his cell and to attend the pretrial videoconference hearing. *Page 3 
7. Defendant made an oral motion at the pretrial videoconference hearing to dismiss Plaintiff's claim for failure to prosecute.
8. The Full Commission finds, taking all alleged facts in the light most favorable to Plaintiff upon the face of the Plaintiff's Tort Claims Affidavit along with all evidence presented, that Plaintiff has failed to assert a potential claim for negligence within the jurisdiction of the North Carolina Industrial Commission.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) (2007) confers upon the North Carolina Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties." Bolkhir v.N.C. State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove "that there was negligence on the part of an officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority that was the proximate cause of the injury and that there was no contributory negligence" on the part of the plaintiff. N.C. Gen. Stat. § 143-291(a) (2007).
3. A defendant's motion to dismiss tests the legal sufficiency of a plaintiff's complaint by presenting the question whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under the Tort Claims Act. See Isenhour v. Hutto,350 N.C. 601, 604, 517 S.E.2d 121, 124 (1999). *Page 4 
4. "A complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which would be proved in support of the claim." Newton v. Standard Fire Ins. Co.,291 N.C. 105, 111, 229 S.E.2d 297, 300 (1976) (citations and internal quotation marks omitted).
5. Although the Tort Claims Act waives sovereign immunity for the State, the Act does not waive official immunity for public officials. Collins v. North Carolina Parole Comm'n,344 N.C. 179, 473 S.E.2d 1 (1996).
6. Taking all alleged facts in the light most favorable to Plaintiff, as the non-moving party, the Full Commission has determined that Plaintiff has failed to sufficiently state a claim for negligence upon which relief may be granted. As such, Plaintiff is not entitled to recover under the Tort Claims Act, and the above captioned tort claim is subject to dismissal with prejudice.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Defendant's Motion to Dismiss is GRANTED and Plaintiff's above captioned tort claim is hereby DISMISSED WITH PREJUDICE.
2. This matter is REMOVED from the active hearing docket.
3. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the ___ day of September, 2011. *Page 5 
 S/___________________ TAMMY R. NANCE COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ LINDA CHEATHAM COMMISSIONER *Page 1